**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0633, <u>Edward J. Keenan, Jr. v. Federal National Mortgage Association</u>, the court on May 12, 2015, issued the following order:**

Having considered the briefs and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Edward J. Keenan, Jr., appeals the order of the Superior Court (<u>Garfunkel</u>, J.) denying his petition to set aside a foreclosure sale conducted by the defendant, Federal National Mortgage Association. He argues that the trial court erred in: (1) finding that he received actual notice of the foreclosure sale; (2) failing to exercise its equitable powers to address the alleged unfairness of the foreclosure; (3) failing to rule that the defendant was required to make an additional, good faith effort to ensure that he received actual notice of the sale; (4) failing to rule that the notice provision of RSA 479:25 violated his right to due process under the State and Federal Constitutions; and (5) finding that he waived his claim that the foreclosure sale was invalid because it was not conducted on the mortgaged premises.

We first address the plaintiff's argument that the trial court's finding that he received actual notice of the foreclosure sale is unsupported by the evidence. The trial court issued its order following a bench trial. The plaintiff failed to provide a transcript of the trial for our review. It is the burden of the appealing party, here the plaintiff, to provide this court with a record sufficient to decide his issues on appeal. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>See</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."). Although the plaintiff denied receiving notice of the foreclosure sale, the court specifically found, based upon "the uncontested circumstantial evidence" at trial, that he received actual notice of the sale. Absent a transcript of the trial, we assume that the evidence was sufficient to support the court's finding. <u>See</u> <u>Bean</u>, 151 N.H. at 250.

We next address the plaintiff's argument that the trial court erred in failing to exercise its equitable powers to address the alleged unfairness of the foreclosure. "The propriety of affording equitable relief rests in the sound discretion of the trial court to be exercised according to the circumstances and

exigencies of the case." Livingston v. 18 Mile Point Drive, 158 N.H. 619, 626 (2009) (quotation omitted). "We will uphold a trial court's equitable order unless its decision constitutes an unsustainable exercise of discretion." Id. The plaintiff asserts that the defendant's failure to properly credit his account with a wire transfer payment "was the proximate cause of the misunderstanding that ultimately led directly to the foreclosure." The plaintiff's argument contains factual components premised upon evidence presented to the trial court. Absent a transcript of the trial, we cannot conclude that the trial court unsustainably exercised its discretion. See id.

The plaintiff also argues that when the foreclosing mortgagee does not obtain a signed certified mail return receipt verifying that the mortgagor received the foreclosure notice, the foreclosure statute, RSA 479:25 (2013), requires the mortgagee to make an additional, good faith effort to ensure that the mortgagor receives actual notice of the foreclosure sale. He argues that this provision was triggered because "for whatever reason[, he] received no notice" of the foreclosure sale. However, as previously noted, the trial court specifically found that the plaintiff received actual notice of the sale, and we assume that the evidence was sufficient to support the court's finding. See Bean, 151 N.H. at 250. Accordingly, we need not address this issue. See Duncan v. State, 166 N.H. 630, 641 (2014) (noting that we decide actual, not hypothetical cases); see also In re Guardianship of R.A., 155 N.H. 98, 100-101 (2007) (discussing mootness doctrine). Likewise, we need not address the plaintiff's argument that the notice provision of RSA 479:25 violates his right to due process under the State and Federal Constitutions by "allow[ing] a mortgagee to foreclose upon property without ensuring that the mortgagor has obtained knowledge of the sale." See Whiting v. United States, 231 F.3d 70, 74-75 (1st Cir. 2000) ("notice in fact" sufficient to ensure a meaningful opportunity to be heard will defeat a due process challenge); Elmco Properties, Inc. v. Second National Federal Savings Assoc., 94 F.3d 914, 921-22 (4th Cir. 1996) (timely, actual notice defeats due process challenge); Richardson v. Town of Eastover, 922 F.2d 1152, 1159 (4th Cir. 1991) (actual notice defeats claim of prejudice or unfairness); cf. Malnati v. State, 148 N.H. 94, 98 (2002) (plaintiffs suffered no injury due to alleged defect in notice because they had actual notice and therefore lacked standing to challenge statutory notice provision).

Finally, we address the plaintiff's argument that the trial court erred in finding that he waived his claim that the foreclosure sale was invalid because it was not conducted on the mortgaged premises. See RSA 479:25, III ("The sale shall be held upon the premises except where a different place of sale is agreed upon in the mortgage."). The court first noted that in his petition to set aside the sale, the plaintiff failed to allege that the sale was not conducted on the premises. The court also noted that, therefore, the defendant had no opportunity to rebut the plaintiff's trial testimony that the sale could not have been conducted on the premises because there was a chain across the driveway. The trial court has broad discretion in managing the proceedings

before it.  In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007).  We review a trial court's rulings in this area under an unsustainable exercise of discretion standard.  Id.  The plaintiff argues that he included this claim in his complaint by alleging that he was "challenging the form of notice, the manner of giving notice and the conduct of the foreclosure sale for the reasons set forth above."  However, as the defendant correctly notes, the "reasons set forth above" do not include any allegation that the sale was invalid because it was not conducted on the premises.  Accordingly, we conclude that the plaintiff has failed to demonstrate that the trial court unsustainably exercised its discretion in finding that he waived this claim.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**