Newport Family Division
No. 2005-808

IN THE MATTER OF ELIZABETH A. CHAMBERLIN AND WILLIAM L. CHAMBERLIN

Submitted: November 8, 2006
Opinion Issued: February 21, 2007

14

*Brennan Caron Lenehan & Iacopino*, of Manchester (*William J. Quinn* on the brief), for the petitioner.

*Loftus & Borgstrom, PC*, of Lebanon (*William R. Loftus* on the brief), for the respondent.

BRODERICK, C.J. The petitioner, Elizabeth A. Chamberlin, appeals a recommended order of a Marital Master (*Forrest*, M.) approved by the Newport Family Division (*Cardello*, J.) determining that the corpus of the William Chamberlin and Elizabeth Chamberlin Irrevocable Charitable Trust (Trust) was not marital property and that the settlors' right to receive interest from the Trust, although marital property, was of negligible monetary value. We affirm.

The record supports the following. The parties were married in 1987. During their marriage, they established the Trust for the purposes of gaining personal tax benefits, generating income and funding donations to certain charitable institutions. Under the terms of the Trust, the only interest they retained was the right to receive income distributions generated by the Trust corpus if it exceeded $110,000.

For reasons not relevant to this opinion, Elizabeth Chamberlin filed for divorce in 2003. At that time, the Trust corpus was valued at $85,596.84. When the parties were divorced in 2005, William L. Chamberlin, the respondent, was seventy-four years old and in poor health. The petitioner was sixty-six. In the final decree of divorce, the Trust corpus was valued at $90,827.23, treated as a marital asset, and awarded to the respondent. In addition, the respondent was awarded the interest generated by the Trust and the sum of money necessary to increase the Trust corpus to $110,000. The overall property division was skewed in favor of the petitioner, with approximately fifty-seven percent of the marital property awarded to her and the balance awarded to the respondent. Among the assets awarded to the respondent was "an additional lump sum [equalization] payment of $27,000.00 in order to achieve an equitable division of the marital assets."

The respondent sought reconsideration of the final divorce decree, arguing that the "Trust [was] irrevocable and [its corpus was] not a spendable asset" available to him, thus making it erroneous for the trial court to have counted the corpus as a marital asset in its division of the parties' marital estate. He further argued that even if the Trust corpus

were increased to $110,000, given his probable five-year life expectancy and a seven-percent rate of return, his interest in the Trust—*i.e.*, his right to receive distributions from it—was worth only $35,000 rather than the higher figure used by the court. The trial court granted the motion to reconsider, explaining that "[t]he Trust is irrevocable, and the [corpus] is not, therefore, an asset properly counted as part of the respondent's equitable share of the assets distributed pursuant to the . . . Final Decree." As well, the trial court relieved the petitioner of her obligation to increase the Trust corpus to $110,000 and allowed the respondent to retain the right to receive income generated from the Trust.

Based upon the readily ascertainable values of all the other marital assets and the trial court's ruling that its final distribution was intended to result in a split of fifty-seven percent for the petitioner and forty-three percent for the respondent, it is apparent that the trial court determined that the respondent's right to receive distributions from the Trust once the corpus exceeded $110,000 had negligible value. In addition, the trial court increased the petitioner's lump sum equalization payment to the respondent by $8,000, to correct for the change in the value of the total marital estate caused by the deletion of the Trust corpus and to keep the overall division of assets in line with percentages determined to be equitable in the final divorce decree. This appeal followed.

The petitioner argues that the trial court unsustainably exercised its discretion by determining that: (1) the Trust corpus was not a part of the marital estate notwithstanding that it was funded with marital assets and had value for both parties in the form of tax advantages and income generation; and (2) the value of the respondent's interest in the Trust was negligible. We disagree.

We begin by discussing the applicable standard of review. It is well established that the trial court is afforded broad discretion in determining property distribution when fashioning a final divorce decree. *In the Matter of Harvey & Harvey*, 153 N.H. 425, 430 (2006). We will not overturn a trial court's decision on property distribution absent an unsustainable exercise of discretion. *Id.*

The foregoing standard of review applies when we examine a trial court's "equitable division of property between the parties" pursuant to RSA 458:16-a, II (2004). However, the standard we apply when we review a trial court's determination that a particular asset is or is not marital property as defined by RSA 458:16-a, I (2004) is somewhat unclear. *Compare Harvey*, 153 N.H. at 438 ("[g]iven the broad [statutory] definition of 'marital property' . . . the trial court did not unsustainably exercise its discretion by classifying the [husband's] interest in certain real estate parcels, timeshares and [a] dental practice as marital property"),

*with In the Matter of Preston and Preston*, 147 N.H. 48, 49 (2001) ("the trial court [did not] erroneously conclude that [an] annuity [owned by the husband] was marital property subject to equitable distribution").

Of the two approaches we have followed—treating RSA 458:16-a, I, determinations as a matter of trial court discretion, as in *Harvey*, and treating those same determinations as a matter of law, as in *Preston*—the better approach is to treat a trial court's RSA 458:16-a, I, determination as a matter of law. Whether, at the time a divorce petition is filed, a given asset does or does not belong to the husband or the wife, individually or collectively, calls for a legal analysis of the characteristics of the asset in question, not an exercise of discretion or a weighing of the equities. Obviously, judicial discretion has a central role in the determination of which spouse is awarded which assets, *see* RSA 458:16-a, II, but as to whether or not in the first instance a particular asset is marital property, as that term is defined in RSA 458:16-a, I, we see no proper role for the exercise of discretion. A pension, an annuity, a trust, or any other asset is or is not owned by either or both parties, and that determination is generally a pure question of law, subject to *de novo* review. To the extent our cases have employed a different standard of review, they are overruled.

■ We now adopt, as herein modified, the two-step analysis outlined in *In the Matter of Valence and Valence*, 147 N.H. 663, 666 (2002), under which the trial court first determines, as a matter of law, what assets are marital property under RSA 458:16-a, I, and thus subject to equitable distribution, and then exercises its discretion to make an equitable distribution of those assets. Trial court determinations under RSA 458:16-a, I, are reviewed *de novo*, while equitable divisions of property pursuant to RSA 458:16-a, II are reviewed for an unsustainable exercise of discretion. Finally, we note that while determining whether or not a particular asset is marital property under the statute is normally a question of law, determining the value of any given asset is left to the sound discretion of the trial court. *See Hoffman v. Hoffman*, 143 N.H. 514, 521 (1999) (reviewing trial court's valuation of marital assets for unsustainable exercise of discretion); *cf. In the Matter of Nyhan and Nyhan*, 147 N.H. 768, 771 (2002) ("We reiterate the rule that trial courts are free to exercise their sound discretion in establishing an appropriate valuation date for the equitable distribution of marital assets.").

Having established our standard of review, we now turn to the questions before us; namely, whether the trial court committed an error of law by determining that the Trust corpus was not a marital asset or unsustainably

exercised its discretion by determining that the respondent's interest in the Trust had little or no value. We answer both questions in the negative.

Marital "[p]roperty shall include all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties." RSA 458:16-a, I. Because the Trust corpus was not an asset belonging to either or both of the parties at the time of their divorce, the trial court did not commit legal error by excluding the Trust corpus from the marital estate.

█ The petitioner concedes that neither she nor the respondent has the right to invade the Trust corpus. That is, indeed, one of the defining features of an irrevocable trust. See 7 C. DEGRANDPRE, NEW HAMPSHIRE PRACTICE, WILLS, TRUSTS AND GIFTS § 31.02[2], at 399 (4th ed. 2003); G. BOGERT & G. BOGERT, THE LAW OF TRUSTS AND TRUSTEES § 234, at 56-57 (2d ed. rev. 1992). It necessarily follows that the assets the parties used to fund the Trust ceased being property belonging to either or both of them once those assets were placed in the Trust and beyond the reach of the parties. See In re Marriage of Pooley, 996 P.2d 230, 232 (Colo. Ct. App. 1999) ("it is the extent of the beneficiary's right to or interest in the trust rather than the source of funding for the trust that determines whether the trust and the income from it are [marital] property"); cf. Abrams v. Abrams, 131 N.H. 522, 524-25 (1989) (affirming trial court determination, under unsustainable exercise of discretion standard, that once husband's trust terminated, trust corpus distributed to husband was marital property). Thus, the parties' act of placing liquid assets in an irrevocable trust removed them from the statutory definition of marital property. See RSA 458:16-a, I. Accordingly, we hold that the trial court did not err in so concluding and consequently affirm its ruling on that issue.

We find support for our holding in the Uniform Trust Code, RSA ch. 564-B (Supp. 2006), which provides that "[w]ith respect to an irrevocable trust, a creditor or assignee of the settlor may reach [only] the maximum amount that can be distributed to or for the settlor's benefit." RSA 564-B:5-505(a)(2). If neither the settlor nor the settlor's creditors may invade the corpus of an irrevocable trust, it would be incongruous to count such a trust as a marital asset, interchangeable with other assets upon which the parties freely may draw. Decisions from other jurisdictions support our holding. See, e.g., Findlen v. Findlen, 695 A.2d 1216, 1220 (Me. 1997) (holding that residence placed in irrevocable trust by husband's mother for the benefit of husband and wife was not marital property); Loomis v. Loomis, 158 S.W.3d 787, 790 (Mo. Ct. App. 2005) (holding that insurance policy placed in irrevocable trust by wife who was not trustee or beneficiary was not marital property).

■ However, determining that the Trust corpus was not marital property is not the end of the matter because ownership of the corpus is not the only property interest incident to a trust. *See Flaherty v. Flaherty*, 138 N.H. 337, 340 (1994). As the trust at issue is a charitable one, the parties have no remainder interest, but they did retain the right to receive distributions of interest so long as the Trust corpus exceeded $110,000. Whether the statutory definition of marital property includes a settlor's right to receive interest from an irrevocable charitable trust is a question of first impression in this state. We hold that such an interest does constitute marital property subject to distribution in a divorce and that such an entitlement has a present value that must be taken into account in the division of marital property.

In *Findlen*, the Maine Supreme Judicial Court explained that "the marital interest subject to division is not the [corpus] itself but the parties['] interest in the trust." *Findlen*, 695 A.2d at 1220. Following that reasoning, the North Dakota Supreme Court has held that a trial court committed clear error by failing to place any value on a wife's interest in an irrevocable insurance trust established by her husband. *Fox v. Fox*, 592 N.W.2d 541, 546 (N.D. 1999). In *Fox*, the wife's interest included the right to receive interest generated from the trust corpus and a limited right to withdraw the principal. *Id.* Similarly, the Vermont Supreme Court has held that a husband's right, upon his mother's death, to receive income from and invade the principal of an irrevocable trust established to benefit him and his mother was marital property. *Chilkott v. Chilkott*, 607 A.2d 883, 884 (Vt. 1992). We find the reasoning of these cases to be persuasive.

■ In the case before us, the trial court recognized the parties' interests in the Trust and awarded the respondent the right to distributions of interest, once the Trust corpus reached $110,000. In doing so, given the overall distribution of marital assets, the court necessarily must have determined that the value of that interest, to the respondent, was negligible. When the trial court determined that the respondent's interest in the Trust was of little or no value, the Trust corpus needed to grow by approximately $20,000 before the respondent would be able to draw interest income from the Trust, and the respondent was at least seventy-five years old and in poor health. Moreover, to the extent the petitioner had a right to receive distributions of interest from the Trust that she was able to assign to the respondent, it would have been reasonable for the trial court to deduce that the right to receive interest would revert to the petitioner upon the respondent's death. Because the Trust was still $20,000 short of paying interest, and because the petitioner is eight years younger than the respondent, it would have been reasonable for the trial court to

conclude that the petitioner's reversion interest was at least as valuable as the respondent's interest—if not more so—providing further support for the court's determination that the respondent's interest had little or no value in the context of the task before it, which was to equitably divide the parties' marital property. Given the terms of the Trust, the size of the Trust corpus, the respondent's age and poor health, and the petitioner's failure to present any evidence supporting an alternative value, we cannot say that the trial court unsustainably exercised its discretion by determining that the respondent's interest in the Trust was negligible.

*Affirmed.*

DALIANIS, DUGGAN, GALWAY and HICKS, JJ., concurred.