# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0408, <u>In the Matter of Jill Content and Edward Content</u>, the court on March 3, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Edward Content (husband), appeals the final decree of the Circuit Court (<u>Carbon</u>, J.) in his divorce from the petitioner, Jill Content (wife). The husband argues that the trial court erred in: (1) awarding alimony based upon incomplete information; (2) ordering him to pay an unreasonable amount of alimony; (3) assigning him responsibility for three-fourths of the $24,000 loan incurred to pay for college for the wife's daughter from a prior marriage; and (4) assigning him responsibility for any deficiency that may result from the foreclosure of the marital residence.

The husband first argues that the trial court erred in awarding alimony based upon incomplete information. The trial court has broad discretion in managing the proceedings before it. <u>In the Matter of Conner & Conner</u>, 156 N.H. 250, 252 (2007). We review a trial court's rulings in this area under an unsustainable exercise of discretion standard. <u>Id</u>. To establish that the court erred under this standard, the husband must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>. The record shows that the husband provided the court his updated financial affidavit prior to the start of the final hearing. The wife explained that although she prepared an updated financial affidavit for the hearing, she experienced problems e-mailing it to the husband prior to the hearing and experienced problems printing copies for the hearing. The court allowed the wife to submit her updated affidavit later in the day, after the hearing.

The husband does not assert that the wife failed to submit an updated affidavit after the hearing, or that the court issued its decree without having reviewed the wife's updated affidavit. Nor does he assert that the wife's updated affidavit was incomplete or inaccurate. Accordingly, we conclude that the record does not support the husband's claim of error. <u>See</u> <u>Coyle v. Battles</u>, 147 N.H. 98, 100 (2001) (appellant has burden to show error).

The husband also argues that the court's management of this procedural issue deprived him of an adequate opportunity to review and challenge the wife's updated financial affidavit at the hearing. It is a long-standing rule that

parties may not have judicial review of matters not raised in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel). The purpose of this rule is to allow the trial court an opportunity to correct any error it may have made. See In the Matter of Mannion & Mannion, 155 N.H. 52, 54 (2007). Because the record fails to show that the husband raised this issue in the trial court, we decline to address it. See Bean, 151 N.H. at 250-51. We note, however, that even if the husband had preserved this issue, we would conclude that he failed to show that he was prejudiced by the court's decision, given the absence of any showing that the wife's updated financial affidavit was incomplete or inaccurate. See Conner, 156 N.H. at 252.

The husband next argues that the trial court erred in ordering him to pay an unreasonable amount of alimony. The trial court is afforded broad discretion in awarding alimony. In the Matter of Harvey & Harvey, 153 N.H. 425, 430 (2006), overruled on other grounds by In the Matter of Chamberlin & Chamberlin, 155 N.H. 13, 15-16 (2007). We will not overturn its decision on such matters absent an unsustainable exercise of discretion. Id. The amount of alimony awarded must be sufficient to cover the wife's needs, within the limits of the husband's ability to pay. Id. at 433; see RSA 458:19, I (Supp. 2015). In determining the amount of alimony to be awarded in this case, the trial court considered: the length of the marriage; the wife's role as the primary caregiver for the children; and the wife's decision to forgo employment opportunities to care for the children. See 458:19, IV (Supp. 2015). The court also considered the wife's interest in returning to school to better provide for her family. Based upon these factors, as well as the husband's annual salary of $85,000, the wife's annual salary of $33,000, and the parties' respective expenses, the court awarded the wife alimony of $500 per month for five years, in order to allow her "to complete her school, which she anticipates will take four years," and to provide "a modest time to get on her feet to be able to support herself more appropriately."

The husband argues that the trial court should have calculated his income based upon a forty hour week, rather than his typical forty-five hour week, that the wife is intentionally under-employed, and that the alimony award will provide her with a standard of living higher than the one to which the parties became accustomed during the marriage. See RSA 458:19, I. The record fails to show that the husband raised any of these issues with the trial court. Accordingly, we conclude that they are not preserved. See Bean, 151 N.H. at 250-51; see also N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). Based upon this record, we cannot conclude that the court's alimony award constitutes an unsustainable exercise of its discretion. See Harvey, 153 N.H. at 430.

The husband next argues that the trial court erred in assigning him responsibility for three-fourths of the $24,000 loan incurred to pay for college for the wife's daughter from a prior marriage. The trial court may allocate responsibility for debts in a manner it deems equitable. See In the Matter of Costa & Costa, 156 N.H. 323, 327-28 (2007). We will not overturn its decision absent an unsustainable exercise of discretion. In the Matter of Hampers & Hampers, 154 N.H. 275, 285 (2006). The husband acknowledges that he raised the child as a member of the family since she was young, and there is no dispute that the wife incurred this debt during the parties' marriage. The wife testified that she was not able to obtain college financial aid for her daughter because of the husband's income. The court did not order the husband to pay future college expenses for the wife's daughter. Cf. RSA 461-A:21 (Supp. 2015) (Agreement on College Expenses). The court calculated the husband's three-fourths' share of the debt based upon the parties' incomes. Based upon this record, we cannot conclude that the trial court's decision constitutes an unsustainable exercise of its discretion. See Hampers, 154 N.H. at 285.

Finally, the husband argues that the trial court erred in assigning him responsibility for any deficiency that may result from the foreclosure of the marital home. He argues that the court could not have reasonably determined responsibility for this debt because the amount of the deficiency was unknown at the time of the final hearing. However, he did not raise this issue in the trial court. Instead, he argued that responsibility for the deficiency should be divided equally. Accordingly, we conclude that the issue is not preserved. See Bean, 151 N.H. at 250-51. Moreover, even if we presume the issue is preserved, we reject the husband's argument that responsibility for any deficiency should be divided equally between the parties, given that the debt was incurred during the marriage. As previously noted, the trial court may allocate responsibility for debts in a manner it deems equitable. See Costa, 156 N.H. at 327-28 (2007) (affirming trial court's assignment of approximately $252,000 in debt to petitioner that might otherwise have been assignable in whole or in part to respondent). Based upon our review of the record, we cannot conclude that the trial court's decision constitutes an unsustainable exercise of discretion. See Hampers, 164 N.H. at 285.

We have considered the husband's remaining arguments, and have concluded that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

                                        Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

                              **Eileen Fox,**
                              **Clerk**

3