# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0540, <u>In the Matter of Tonia Kennedy and Joanne Bairos</u>, the court on May 11, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Tonia Kennedy, appeals the final decree of the Circuit Court (<u>Cross</u>, Referee, approved by <u>Ryan</u>, J.) in her divorce from the respondent, Joanne Bairos. We construe her brief to argue that the trial court erred by: (1) denying her request for a divorce on grounds of habitual drunkenness, <u>see</u> RSA 458:7, VII (2004); (2) calculating the equity in the Blitman Street property; (3) calculating the equity in the Master Drive property; (4) failing to account for its order on her motion to modify temporary orders; and (5) denying her motion for contempt.

The petitioner first argues that the trial court erred by denying her request for a divorce on grounds of habitual drunkenness. <u>See</u> RSA 458:7, VII. The trial court granted the divorce based upon irreconcilable differences. <u>See</u> RSA 458:7-a (Supp. 2015). Whether the irremediable breakdown of the marriage was caused by irreconcilable differences or the respondent's fault was a question of fact for the trial court. <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 798 (2015). Our standard of review is whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Id</u>. at 799. We will uphold the trial court's factual findings unless the evidence does not support them or they are legally erroneous. <u>Id</u>. at 798.

RSA 458:7, VII provides that "[a] divorce . . . shall be decreed in favor of the innocent party . . . [w]hen either party is an habitual drunkard, and has been such for 2 years together." The trial court denied the petitioner's request for a fault-based divorce on this ground in part because it determined that the evidence was insufficient to establish that the respondent was an habitual drunkard. "The plain meaning of 'drunkard' is 'one who habitually becomes drunk[;] one suffering from or subject to acute or chronic alcoholism.'" <u>In the Matter of Sarvela & Sarvela</u>, 154 N.H. 426, 429 (2006).

The trial court found that the evidence was insufficient to establish that the respondent was an habitual drunkard, in part, because the respondent was a full-time police officer, and "[t]here is no evidence to suggest that Respondent

drank during the workday." The petitioner argues that the trial court misapplied the law because a person's excessive alcohol consumption at home can destroy a marriage, even when the person is able to function at work. However, the court also found that "the incidents cited were not so frequent and Respondent was not so intoxicated as to show that she was habitually drunk" over a period of two years. Moreover, the court found, the "Petitioner's willingness to reconcile amounts to condonation." Condonation is "the forgiveness of an antecedent matrimonial offense on condition that it shall not be repeated." In the Matter of Dube & Dube, 163 N.H. 575, 579 (2012). The trial court reviewed e-mails the petitioner sent the respondent after the October 16, 2010 incident in which the respondent, under the influence of alcohol, assaulted the petitioner. In the e-mails, the petitioner expressed an interest in reconciliation. In April 2011 and November 2012, the parties vacationed together in Florida. The petitioner did not file her petition for divorce until July 2013. We conclude that the record supports the trial court's determination that irreconcilable differences, rather than the respondent's drinking, caused the breakdown of the parties' marriage. See Kempton, 167 N.H. at 799.

The petitioner next argues that the trial court erred in determining the equity in the Blitman Street property for purposes of its property division. We afford the trial court broad discretion in determining matters of property division when fashioning a final divorce decree. In the Matter of Henry & Henry, 163 N.H. 175, 183 (2012). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. Id. "RSA 458:16-a, II creates a presumption that equal distribution of marital property is equitable." In the Matter of Watterworth & Watterworth, 149 N.H. 442, 453 (2003) (quotation and ellipsis omitted). Absent special circumstances, the court must make the distribution as equal as possible. Id.

In this case, the court determined that an equal division of marital property was equitable. The court awarded the marital residence in New Boston and the home on Blitman Street in Florida to the petitioner. The court awarded the home on Master Drive in Florida to the respondent and ordered the petitioner to pay the respondent an equalization payment of $37,402. The petitioner argues that the trial court erred in determining the equity in the Blitman Street property by failing to account for the $19,000 she owes her father for the down payment on the property. "We have recognized that a 'moral' obligation for repayment cannot properly be characterized as a debt chargeable to the marital estate." In the Matter of Harvey & Harvey, 153 N.H. 425, 437 (2006), overruled on other grounds by In the Matter of Chamberlin & Chamberlin, 155 N.H. 13, 15-16 (2007). The petitioner did not present documentary evidence, such as a note or mortgage, showing that the debt to her father was an enforceable, legal obligation. Cf. In the Matter of Muller & Muller, 164 N.H. 512, 514-15 (2013) (husband's debt to his parents evidenced by note and mortgage). We cannot conclude upon this record that the trial court was required to find that the petitioner was legally obligated to repay her

father for the down payment.  See In the Matter of Hampers & Hampers, 154 N.H. 275, 290 (2006) (we assume the trial court made all findings necessary to support its decision).

The petitioner next argues that the trial court erred in determining the equity in the Master Drive property, which it awarded to the respondent. Determining the value of any given marital asset is left to the trial court's sound discretion.  In the Matter of Wolters & Wolters, 168 N.H. 150, 155 (2015).  We will not overturn the trial court's decision absent an unsustainable exercise of discretion.  Id.  The petitioner argues that the court erred by applying the current mortgage balance to determine the equity in the property because the respondent refinanced the mortgage while the divorce was pending, increasing the balance from approximately $42,000 to $70,000, and used the proceeds to pay for a motor vehicle, home expenses, and attorney's fees.  In its order, the trial court acknowledged that the respondent refinanced the mortgage in 2013, and that she used the proceeds to pay for a motor vehicle, home expenses, and other bills.  However, the court also found that the respondent had been "paying all of the . . . expenses [for the Master Drive property] since 2013."  Moreover, as discussed in more detail below, the court found that the respondent was "well along in the process of refinancing the mortgage" before she was served with the petition for divorce and anti-hypothecation order.  Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion by applying the current mortgage balance to determine the equity in the Master Drive property.  See id.

The petitioner next argues that the trial court erred in its property division because it only partially granted her March 2015 motion to modify temporary orders.  In her motion to modify, the petitioner asked the trial court to order the respondent to pay one-half of the monthly mortgage on the marital residence in New Boston, along with taxes and maintenance costs.  The court granted the request for the months of May and June 2015 and further ordered that the respondent could request reimbursement at the final hearing in June 2015.  Based upon this record, we conclude that the petitioner has failed to demonstrate that the trial court unsustainably exercised its discretion in its final property division as a result of its order on her motion to modify temporary orders.  See Henry, 163 N.H. at 183.

Finally, the petitioner argues that the trial court erred in denying her motion for contempt because the record showed that the respondent refinanced the mortgage on the Master Drive property after she had been served with the anti-hypothecation order.  "The contempt power is discretionary and the proper inquiry is not whether we would have found the respondent in contempt, but whether the trial court unsustainably exercised its discretion."  In the Matter of Conner & Conner, 156 N.H. 250, 253 (2007) (quotation omitted).  The respondent testified that she started the refinancing process in May 2013, and that by October 31, 2013, the date on which she was served with the anti-

3

hypothecation order, the "loan was already done" and that "[t]he only part that was left was just meeting to receive the money." In denying the motion for contempt, the trial court found that "[the respondent] was well along in the process of refinancing the mortgage before she was served with the anti-hypothecation Order." Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in denying the petitioner's motion for contempt. See id.

To the extent that the petitioner's brief raises additional issues, we conclude that her arguments are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993). Issues raised in the petitioner's notice of appeal but not addressed in her brief are deemed waived. See Brunelle v. Bank of N.Y. Mellon, 161 N.H. 64, 69 (2010).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

4