**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0035, <u>Vatche Manoukian v. PennyMac Loan Services, LLC</u>, the court on September 19, 2016, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Vatche Manoukian, appeals the order of the Superior Court (<u>Garfunkel</u>, J.) requiring him to accept the loan modification terms proposed by the defendant, PennyMac Loan Services, LLC, to avoid the foreclosure of his residence. The plaintiff rejected the defendant's proposal, and the trial court granted his motion to stay the foreclosure sale to allow this appeal.

On appeal, the plaintiff argues that the defendant acted in bad faith in proposing a loan modification. He asserts that the purpose of a loan modification is to "make the home more affordable," and that the defendant's proposal failed to accomplish this purpose because it required an immediate payment of $283,600 and monthly payments no lower than those required under the existing loan agreement, with the same interest rate. The plaintiff does not argue that he was unable to pay the $283,600 or the monthly mortgage payments that would have been due thereafter. We note that he represented to the defendant on his loan modification application that he earns gross monthly income of $26,360.

We will uphold the trial court's findings unless they are unsupported by the evidence or erroneous as a matter of law. <u>Porter v. Town of Sanbornton</u>, 150 N.H. 363, 369 (2003). At the December 23, 2015 foreclosure hearing, the trial court noted that the plaintiff had made no monthly payments on the loan for six years, and that the defendant's proposed modification would have allowed him to avoid foreclosure by paying approximately one-half of what he then owed under the existing terms of the loan. Assuming, without deciding, that the defendant had a duty to act in good faith in proposing a loan modification, we conclude that the record supports the trial court's implied finding that the defendant acted in good faith. <u>See</u> <u>id</u>.

The plaintiff also argues that the defendant acted in bad faith in dealing with him regarding an August 5, 2015 foreclosure sale of the same residence. The record shows that the defendant voluntarily voided the sale when it discovered that it had neglected to notify two junior lienholders who would not

agree, after the sale, to waive the notice requirement. It is the burden of the appealing party, here the plaintiff, to provide this court with a record sufficient to decide his issues on appeal, as well as to demonstrate that he raised his issues before the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); State v. Porter, 144 N.H. 96, 100-01 (1999) (Rules of preservation are not relaxed for a self-represented party.). The plaintiff has failed to provide a record sufficient to show that he raised this issue with the trial court. Nor did he raise the issue in his notice of appeal. Accordingly, the issue is waived. See Brunelle v. Bank of N.Y. Mellon, 161 N.H. 64, 69 (2010).

To the extent that the plaintiff's brief raises additional arguments, we conclude that they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**

2