# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0159, <u>Allen Williamson v. Zen Braccio</u>, the court on November 28, 2018, issued the following order:**

Having considered the brief and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Zen Braccio, appeals the order of the Circuit Court (<u>Kelly</u>, J.) entering a default judgment for the plaintiff, Allen Williamson, for the defendant's failure to answer a small claim complaint.

The defendant filed his appeal more than two years after the trial court's order.  This court accepted the appeal, but ordered the defendant to address the timeliness of his appeal in his brief.  On appeal, the defendant argues that the trial court erred in entering judgment against him because, he alleges, he did not receive proper notice of the small claim hearing.  He further argues that, if the trial court heard the case on its merits, he would prevail.

It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court.  <u>Thompson v. D'Errico</u>, 163 N.H. 20, 22 (2011); <u>see</u> <u>also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).  The purpose of this preservation requirement is to afford the trial court an opportunity to correct an error it may have made.  <u>In the Matter of Mannion & Mannion</u>, 155 N.H. 52, 54 (2007).  It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide his issues on appeal, as well as to demonstrate that he raised his issues in the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).

The record shows that the defendant appeared at a post-judgment hearing on the plaintiff's motion for contempt.  However, the record fails to show that the defendant raised in the trial court his notice and merits arguments.  Because the defendant has failed to demonstrate that he preserved his issues for review, we decline to address them on appeal.  <u>See</u> <u>id</u>. at 250-51.

The issues raised in the defendant's notice of appeal but not addressed in his brief are waived.  <u>See</u> <u>Brunelle v. Bank of N.Y. Mellon</u>, 161 N.H. 64, 69 (2010).

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**