**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0070, <u>In the Matter of Rebecca Stanley-Snelling and Randall Snelling</u>, the court on December 22, 2017, issued the following order:**

The wife's motion to strike the husband's brief and appendix is denied. Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Randall Snelling (husband), appeals the final decree of the Circuit Court (<u>Moran</u>, J.) in his divorce from the petitioner, Rebecca Stanley (wife). He argues that the trial court erred in: (1) finding that he failed to comply with mandatory disclosure requirements; (2) denying his motion for contempt; (3) determining his income for purposes of child support, alimony, and an equitable property division; and (4) awarding the wife alimony.

The husband first argues that the trial court erred in finding that he failed to comply with Circuit Court – Family Division Rule 1.25-A disclosure requirements. We review a trial court's decision on the management of discovery under an unsustainable exercise of discretion standard. <u>In the Matter of Hampers & Hampers</u>, 154 N.H. 275, 280 (2006). To meet this standard, the husband must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>. Rule 1.25-A mandates that parties to a divorce exchange copies of certain relevant documents, including tax returns, pay stubs, and, for business owners, financial statements. <u>See</u> <u>Fam. Div. R.</u> 1.25-A. The record shows that the husband was not forthcoming about his business income and did not disclose his business records. The court found that he repeatedly failed to comply with Rule 1.25-A disclosure requirements and, in fact, the court continued the final hearing because of the failure to make the required disclosures. Although the husband asserts that he did not maintain business records, he acknowledges that when the court gave him 15 days to comply with Rule 1.25-A and avoid a final default, he obtained counsel, and "with her assistance, completed his Rule 1.25 disclosures," which included his most recent tax return and bank statements. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in finding that the husband failed to comply with his Rule 1.25-A disclosure requirements. <u>See</u> <u>In the Matter of Hampers</u>, 154 N.H. at 280.

The husband next argues that the trial court erred in denying his motion for contempt, alleging that the wife failed to comply with the court's order to

produce updated bank records.  We review the trial court's ruling on a contempt motion for an unsustainable exercise of discretion.  In the Matter of Conner & Conner, 156 N.H. 250, 253 (2007).  The trial court found that the wife's noncompliance was not willful.  The wife asserts that it was an "honest oversight."  The court noted that the wife had produced her W-2 statements, which provided "a clear indication of her income."  Moreover, the record shows that when the court specifically ordered the wife to provide updated bank records, she filed the updated records with the court approximately ten days later.  Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in denying the husband's motion for contempt.  See id.

The husband next argues that the trial court erred in its determination of his income for purposes of child support, alimony, and an equitable property division.  On appeal, we will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or are legally erroneous.  In the Matter of Nyhan and Nyhan, 147 N.H. 768, 770 (2002).  The record shows that, during the marriage, the husband owned and operated paving and sealcoating businesses known as ABC Paving Company, ABC Sealcoating, and ABC Equipment LLC.  The husband testified that, after the wife filed her divorce petition, he "sold off" the paving equipment, gave the sealcoating equipment to one nephew, and chose to work for another nephew as an "independent contractor," at a greatly reduced income.  He provided no documentation or other evidence to substantiate these transactions, nor was he able to recall specific dates as to when they occurred.  Neither of the nephews testified at the hearing.  Based upon these events, the husband asserted that his income fell sharply to $1,862 per month.  The trial court did not find his testimony to be credible.  We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence.  In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009).  As fact finder, the trial court may accept or reject, in whole or in part, the testimony of any witness or party, and is not required to believe even uncontroverted evidence.  Id. at 466.

The evidence showed that the husband continued to drive a pick-up truck bearing the name "ABC Paving Company," and that the company's telephone number remained the same as the husband's personal telephone number.  The husband also continued to register the trade name ABC Paving Company and to publish advertising identifying him as the owner of ABC Paving Company.  On July 1, 2015, the husband, doing business as ABC Paving Company, was issued workers' compensation coverage.

In the absence of credible testimony from the husband regarding his income, the court considered evidence of his past earnings, including testimony from the wife who, the court found, assisted in the development of ABC Paving Company for approximately ten years between 2002 and 2012, working as a

secretary and performing other tasks. The wife testified that in 2013, when the parties were still living together, the husband earned approximately $6,000 per month. The court also considered the husband's bank records. In 2015, the husband made $98,293 in deposits at the Claremont Savings Bank and $4,915 in deposits at People's United Bank, for a total of $103,208 in deposits which, as the court noted, averages $8,600 per month. Based upon all of the available evidence, the court found that the husband was earning between $6,000 and $8,000 per month in 2015 and used the lower figure, $6,000, for purposes of determining child support, alimony, and an equitable property division. We conclude that the court's finding is supported by the record. See In the Matter of Nyhan and Nyhan, 147 N.H. at 770.

The husband next argues that the court erred in its alimony award. The trial court is afforded broad discretion in awarding alimony. In the Matter of Harvey & Harvey, 153 N.H. 425, 430 (2006), overruled on other grounds by In the Matter of Chamberlin & Chamberlin, 155 N.H. 13, 15-16 (2007). We will not overturn its decision on such matters unless it is lacking in evidentiary support or tainted by error of law. In the Matter of Fowler & Fowler, 145 N.H. 516, 519 (2000). The amount of alimony awarded must be sufficient to cover the wife's needs, within the limits of the husband's ability to pay. Harvey, 153 N.H. at 433; see RSA 458:19, I (Supp. 2011). The trial court found that the wife has the need for alimony, and that the husband has the ability to pay. The court awarded the wife alimony of $433 per month for three years, to provide her with the opportunity to increase her earning capacity and become self-supporting. See In the Matter of Fowler, 145 N.H. at 520 (noting that the primary purpose of alimony is rehabilitative). The court noted that the wife is working to complete her bachelor's degree. The husband's challenges to the alimony award are based upon his assertion that his income averages $1,852 per month, an assertion that the trial court rejected. See In the Matter of Aube, 158 N.H. at 465. Based upon this record, we cannot conclude that the trial court's alimony award constitutes an unsustainable exercise of discretion. See In the Matter of Chamberlin, 155 N.H. at 15-16.

The husband also argues that the trial court used an incorrect multiplier in determining the wife's income, asserting that her income, properly adjusted, is $1,885.73 per month. The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. Fam. Div. R. 1.26(F); see N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). The husband failed to present this issue to the trial court in a motion for reconsideration. Accordingly, it is not preserved for review.

3

We have considered the husband's remaining arguments, and have concluded that they do not warrant further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**