**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0469, <u>Gerry Beique v. Brandon Holm, Trustee of the Holm Family Revocable Trust of 2006 & a.</u>, the court on September 16, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We dismiss the appeal as untimely. Accordingly, the appellee's motion to strike the appellant's appendix is moot.

Defendant Brandon Holm, co-trustee of the Holm Family Revocable Trust of 2006, appeals the order of the Superior Court (<u>Anderson</u>, J.) awarding judgment to the plaintiff, Gerry Beique, on his complaint for specific performance. The court ordered the defendant to convey the subject property to the plaintiff after subdivision approval and awarded the plaintiff his attorney's fees. The defendant argues that the trial court erred by: (1) denying his motion to dismiss the complaint for failure to state a claim; (2) denying his motion to compel discovery; (3) finding that he, and not the plaintiff, breached the purchase and sale agreement; (4) ordering the parties to divide the costs of relocating the defendant's driveway; and (5) awarding attorney's fees.

The plaintiff counters that the appeal should be dismissed as untimely. He also argues that the appellate issues are moot because the closing has occurred, and the lots have been developed and sold to third parties.

The plaintiff filed his complaint on September 25, 2014. On January 26, 2015, the trial court denied the defendant's motion to dismiss the complaint, ruling that it was "founded on an overly restrictive view of the standard for deciding whether a complaint states a claim." On September 30, 2015, following a bench trial, the court found that the parties had agreed to extend the closing date if subdivision approval was delayed for reasons beyond the plaintiff's control. The court found that subdivision approval was delayed by unexpected road construction, wetlands issues, and water service issues, all of which were beyond the plaintiff's control. The court found that the plaintiff had proposed an addendum to the agreement extending the closing date, that the defendant's brother and co-trustee had agreed to sign the proposed addendum, and that the defendant refused to sign it, without good reason. The court found that part of the defendant's opposition to the proposed addendum "was rooted in his various disagreements with [his brother], who was very willing to sign the proposed addendum." The court found that the defendant breached the purchase and sale agreement by refusing to extend the

closing date.  Concluding that the defendant had acted in bad faith and that the plaintiff was forced to seek judicial assistance to secure a clearly defined and established right, the court awarded the plaintiff his attorney's fees.  On April 27, 2018, the court approved an award of $25,744 in attorney's fees, and on May 18, 2018, the court denied the defendant's motion to reconsider that award.

The trial court's order denying the defendant's motion to reconsider the award of attorney's fees concluded the proceeding.  See Sup. Ct. R. 3 (defining "decision on the merits"); Van Der Stok v. Van Voorhees, 151 N.H. 679, 681 (2005) (final ruling on attorney's fees concludes the proceeding).  Accordingly, judgment became final when a notice of appeal was not filed within 30 days of the clerk's May 21, 2018 notice of decision.  See Sup. Ct. R. 7(1)(A); Super Ct. R. 46(d)(2).  The defendant did not move to allow late entry of his appeal. See Sup. Ct. R. 21(6) (noting that such motions are disfavored).

The trial court's July 11, 2018 order denying the defendant's motion to restrain the plaintiff from trespassing on the defendant's property did not stay the running of the appeal period.  See In re Guardianship of Luong, 157 N.H. 429, 438 (2008) (resolution of ancillary issues does not alter finality when the order does not modify the decision on the merits).  Accordingly, we conclude that the defendant's August 10, 2018 notice of appeal, filed 30 days after the clerk's notice of the court's denial of his motion for a restraining order, is untimely as to any issues unrelated to the denial of the request for a restraining order.  Because the defendant's brief fails to address any issues relating to the request for a restraining order, any such issues are waived. See Brunelle v. Bank of N.Y. Mellon, 161 N.H. 64, 69 (2010).

Finally, we note that, even if we were to address the appeal on its merits, we would conclude, based upon our review of the trial court's well-reasoned orders, the defendant's challenges to them, the relevant law, and the record submitted on appeal, that the defendant has failed to demonstrate reversible error.  See Gallo v. Traina, 166 N.H. 737, 740 (2014).

Dismissed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.


**Eileen Fox,**
**Clerk**

2