# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0572, In the Matter of Connie Murabito and Mark Murabito, the court on October 10, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. See Sup. Ct. R. 20(2). The respondent, Mark Murabito (husband), appeals the final decree of the Circuit Court (Steckowych, J.), issued following a hearing, in his divorce from the petitioner, Connie Murabito (wife). He argues that the trial court erred in finding that the marital home is marital property subject to equitable division, in awarding the wife half its value, and in valuing the home. See RSA 458:16-a (Supp. 2023). We affirm.

We first address the husband's argument that the trial court erred in finding that the marital home is marital property subject to equitable division and awarding the wife half its value. Although the trial court awarded the home to the husband, he nonetheless argues that the court erred because "the home was owned by a real estate trust prior to the parties' marriage and the [wife] waived any interest in the trust property." He also contends that the trial court erroneously failed to consider certain statutory factors set forth in RSA 458:16-a, II. We disagree.

"We review a trial court's determination of what assets constitute marital property de novo." In the Matter of Merrill & Merrill, 174 N.H. 195, 197 (2021). Marital property includes "all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties." RSA 458:16-a, I. The statute "makes no distinction between property brought to the marriage by the parties and that acquired during marriage." In the Matter of Sarvela & Sarvela, 154 N.H. 426, 431 (2006). Regardless of the source, all property owned by each spouse at the time of divorce is included in the marital estate, and is subject to equitable division. Id.; Merrill, 174 N.H. at 197.

Once the trial court has determined which assets constitute marital property, the trial court is afforded broad discretion in determining the equitable distribution of those assets. See In the Matter of Geraghty & Geraghty, 169 N.H. 404, 417 (2016); In the Matter of Chamberlin & Chamberlin, 155 N.H. 13, 16 (2007). "[M]arital property is not to be divided by some mechanical formula[,] but in a manner deemed just based upon the evidence presented and the equities of the case." Geraghty, 169 N.H. at 417 (quotation omitted). "[A]n equal division of

property is presumed equitable unless the trial court decides otherwise after considering one or more of the factors designated in the statute." Id. (quotation omitted). "We will not overturn a trial court's decision on these matters absent an unsustainable exercise of discretion or an error of law." Id. (quotation omitted).

At the outset, we note that we disagree with the husband that the trial court erred by failing to consider certain statutory factors set forth in RSA 458:16-a, II. Although the trial court did not specifically cite each factor, a review of the court's detailed narrative orders amply demonstrates that the court considered all relevant factors in reaching its decision to award the marital home to the husband and divide its value equally between the parties. In any event, it is well-established that the court need not consider all of the enumerated factors or give them equal weight. See, e.g., Geraghty, 169 N.H. at 417.

Next, in arguing that the marital home is not marital property subject to division, the husband relies upon our decision in Chamberlin. In that case, we determined that certain assets held in an irrevocable trust were properly excluded from the marital estate, and, therefore, not subject to division, because the assets in the trust were beyond the reach of the parties, neither of whom had the right to invade the trust corpus. Chamberlin, 155 N.H. at 17. We reasoned that "[i]f neither the settlor nor the settlor's creditors may invade the corpus of an irrevocable trust, it would be incongruous to count such a trust as a marital asset, interchangeable with other assets upon which the parties freely may draw." Id. In this case, Chamberlin is inapposite. Here, by contrast, it is undisputed that the marital home is held in a revocable trust, which, as the trial court found, "[t]he husband can extinguish . . . at will, to his sole benefit," thereby "disregarding any contribution wife has made to its value over the many years of their marriage." Accordingly, we agree with the trial court that "[i]t would be patently unfair for [the husband] to be able to keep the entire value of the property to himself, based on the length of the marriage, and the extent of wife's contributions to the home." Cf. In the Matter of Hampers & Hampers, 154 N.H. 275, 278, 285-86 (2006) (emphasizing statutory obligation to apportion marital property equitably in awarding assets held in revocable trust).

Although the husband emphasizes that, in 1998, the wife signed a release waiving her beneficial interest in the trust, the record demonstrates, among other things, that the husband directed the wife to do so under circumstances related to a scheme purportedly to shield the property from theoretical creditors;[1] that the wife received no consideration in exchange for releasing her interest; and that she did not challenge the husband on this issue because she trusted that he was trying to protect their home and she "just did what [she] was asked to do because

---

[1] Notably, the husband granted a beneficial interest in the trust worth $120,000 to his former lawyer, thereby actually creating just such a creditor.

it was [in] the best interest of [their] family."  Moreover, the release was signed more than 24 years before the parties separated.  During that time, the wife made numerous contributions to the marriage and to the marital home; her father substantially contributed to an addition to the home as a gift to the parties; and the husband repeatedly assured her that it would always be their home and that she would always be able to live there.

On these facts, the trial court could reasonably have disregarded the release purporting to waive the wife's beneficial interest in the trust.  Cf. Estate of Wilber, 165 N.H. 246, 251-52 (2013) (holding that postnuptial agreements may be invalid in situations involving fraud, duress, mistake, misrepresentation, nondisclosure, unconscionability, or changed circumstances, and explaining that the fiduciary nature of a marital relationship requires parties to "exercise the highest degree of good faith, candor and sincerity in all matters bearing on the terms and execution of the proposed agreement, with fairness being the ultimate measure" (quotation omitted)).  For these reasons, as well as those cited by the trial court in its detailed order, we conclude that the trial court did not err in determining that the marital home is a marital asset subject to equitable division, and that the court sustainably exercised its discretion in awarding the home to the husband and half of its value to the wife.

Lastly, we address the husband's argument that the trial court erred in valuing the marital home.  "[W]hile determining whether or not a particular asset is marital property under the statute is normally a question of law, determining the value of any given asset is left to the sound discretion of the trial court."  Chamberlin, 155 N.H. at 16.  Here, the trial court accepted the valuation of the home proffered by the wife's expert.  Although the husband advances several arguments challenging the expert's opinion, we note that he specifically disclaimed any objection to the opinion's admissibility, and "[w]e defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence."  Geraghty, 169 N.H. at 416 (quotation omitted).  The trial court may accept or reject, in whole or in part, such portions of the evidence as it finds proper, including that of expert witnesses, and is not required to believe even uncontroverted evidence.  Id.; Appeal of Pennichuck Water Works, 160 N.H. 18, 41 (2010).  Accordingly, we conclude that the trial court did not unsustainably exercise its discretion in valuing the marital home.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3