Brentwood Family Division
No. 2006-807

IN THE MATTER OF GRETCHEN M. CONNER AND ROGER T. CONNER

Argued: June 20, 2007
Opinion Issued: September 25, 2007

*Braiterman Law Offices, P.L.L.C.*, of Concord (*Robyn A. Guarino* on the brief and orally), for the respondent.

Gretchen M. Conner, *pro se*, on the memorandum of law, and *J. Campbell Harvey*, of Manchester, orally, for the petitioner.

DUGGAN, J. The respondent, Roger T. Conner (the father), appeals two post-divorce orders of the Brentwood Family Division (*Hurd*, J.), one finding him in contempt and the other modifying the parties' parenting plan. We affirm.

On December 13, 2005, a final divorce decree was entered regarding the father and the mother, Gretchen M. Conner (now McEvoy). The decree included permanent stipulations and a parenting plan for the two children.

On May 23, 2006, the mother filed a motion to bring forward and modify the parenting plan, asking the court to change the children's visitation time with their father during the school week and to order the father to give one of the children a medication specifically prescribed for that child's attention deficit hyperactivity disorder. The mother also filed a motion for contempt arguing, *inter alia*, that the father had "refused to pay his one-half portion of the daycare expense for the children . . . ."

In mid-July 2006, the parties were notified that the motions would be heard on August 30, 2006. On August 22, 2006, the father filed an answer to the motion to modify, asking that it be denied and that the court appoint a guardian ad litem. He also filed both a cross-motion, asking the court to modify the parties' child support obligations, and an answer to the contempt motion, asking the court to order the mother to discuss daycare expenses with him prior to incurring them and to consult with him concerning medical treatment for the children. On the day of the hearing, the father asked the court to convert the hearing from a final hearing on the motions to a structuring conference to allow time for discovery and for the appointment of a guardian ad litem. The motion was denied and the hearing proceeded on offers of proof.

On August 31, 2006, the court granted the motion to bring forward and modify by requiring the father to "provide [the child] his medication as prescribed by [the child's] physician" and stating that if he fails to provide the medication "he will forfeit his custodial time." The court also granted the motion for contempt and ordered the father to pay $1,240, his share of daycare and miscellaneous expenses.

On appeal, the father argues that the court erred in: (1) denying his motion to convert the hearing to a structuring conference; (2) not appointing a guardian ad litem; and (3) finding him in contempt for failure to pay daycare expenses. He argues that the first and third asserted errors rise to the level of constitutional due process violations.

Before discussing the father's claims of error, we note that at the time of the divorce, the parties filed an agreed-upon parenting plan, *see* RSA 461-A:4 (Supp. 2006), which included a section on how disputes about parenting issues would be resolved. It provides:

> In the future, if the parents have a disagreement about parenting issues, the parents shall try to work it out in the best interest of the child(ren). If the parents are unable to work out the disagreement, they shall seek the help of a neutral third

party to assist them. Only if the parents are unable to work out the disagreement after seeking third party assistance will they ask the Court to decide the issue.

Neither the parties nor the court referenced this apparently mandatory, mutually agreed-upon obligation to have a neutral third party assist the parents in resolving their disagreements about parenting issues before asking the court to intervene. In future cases, we expect parties to comply with such provisions in parenting plans.

As for the father's first argument, he contends that by denying his motion to convert the hearing to a structuring conference, the court effectively prevented him from conducting discovery prior to the hearing on the merits. The mother counters that the father had forty-two days between the notification of the hearing date and the hearing itself.

■ The trial court has broad discretion in managing the proceedings before it. *Murray v. Developmental Servs. of Sullivan County*, 149 N.H. 264, 268 (2003) (broad discretion afforded the trial court in managing and supervising discovery and ruling on the conduct of the trial); *Blevens v. Town of Bow*, 146 N.H. 67, 72 (2001) ("[t]he manner and timing of the trial of all or part of the issues in an action is a question of justice and convenience within the discretion of the trial judge"). We review a trial court's rulings in this area under an unsustainable exercise of discretion standard. *See Murray*, 149 N.H. at 267; *State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). To establish that the court erred under this standard, the respondent must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. *See Lambert*, 147 N.H. at 296. On these facts, we conclude that the court did not unsustainably exercise its discretion in denying the motion.

■ The second issue is whether the court erred by not appointing a guardian ad litem (GAL). The father argues that a GAL was necessary to report to the court on whether it was in the child's best interests to require him to administer the prescribed medication. Under RSA 461-A:16, I (Supp. 2006), whether to appoint a GAL is within the trial court's discretion. Here, the trial judge had a letter from the child's regular physician and an evaluation from a specialist regarding the need for the medication. Given this information, the court did not unsustainably exercise its discretion by not appointing a GAL.

Third, the father argues that the court erred in finding him in contempt for his failure to pay daycare expenses. He contends that because the

mother did not discuss the daycare expenses with him prior to incurring them, he should not have been found in contempt for non-payment.

Under the permanent stipulation that was part of the divorce decree, the mother and father agreed to "equally share the cost of daycare and miscellaneous expenses for the children." They also agreed that "[t]he parties will discuss these expenses. Neither party will unreasonably withhold agreement." (Emphasis omitted.) Although the trial court did not directly address whether the mother discussed daycare arrangements, she contends that the father was consulted, knew of the expenses and "had merely chosen not to pay."

"The contempt power is discretionary and the proper inquiry is not whether we would have found the respondent in contempt, but whether the trial court unsustainably exercised its discretion." *In the Matter of Stall & Stall*, 153 N.H. 163, 168 (2005). We hold that the court did not unsustainably exercise its discretion.

In her offer of proof, which the court apparently credited, the mother noted that: (1) the children had been with one of the daycare providers on Wednesdays and Thursdays "for two years, so prior to the divorce"; (2) in early March 2006, the mother contacted the father and told him that she needed another provider on Mondays and occasional Tuesdays; (3) the mother sent the father two letters regarding his failure to pay the expenses; and (4) the father picked up the children from both providers. Moreover, the father acknowledged that he had spoken with the mother about reducing daycare expenses by allowing the grandmother and step-grandmother to watch the children from time to time. Thus, this record amply supports the trial court's implicit finding that the parties discussed daycare expenses and the father simply refused to pay.

To the extent the father asserts violations of his due process rights under the State Constitution, he has failed to demonstrate where, in the record, he properly raised them below. We therefore refuse to address these assertions. *State v. Dellorfano*, 128 N.H. 628, 632 (1986).

*Affirmed.*

BRODERICK, C.J., and DALIANIS, GALWAY and HICKS, JJ., concurred.