# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2014-0678, <u>In the Matter of Valentina Conant and William Faller</u>, the court on June 23, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, William Faller (father), appeals the order of the Circuit Court (<u>Introcaso</u>, J.) finding him to be in contempt of its order prohibiting him from harassing the petitioner, Valentina Conant (mother), and fining him $100, to be paid to the mother. The father argues that the trial court erred in: (1) denying his motion to dismiss or to stay its ruling on the mother's motion; (2) enforcing an order that was too vague, in violation of his right to due process; and (3) refusing to consider the equitable doctrine of unclean hands.

The record shows that at 12:04 a.m., on June 30, 2014, the father sent the mother a lengthy e-mail accusing her of being "rotten to the core," and "malicious, vindictive and evil." The father compared the mother to a wild animal and told her that she needed to be "psychologically evaluated." At the hearing on the mother's motion for contempt, the court noted that both parties had been disrespectful in communicating with each other, but the court found in its order that the father's e-mail had "crosse[d] the line."

The father first argues that the court erred in denying his motion to dismiss or to stay its ruling on the mother's motion for contempt, asserting that the mother violated Paragraph H of the parties' parenting plan by filing her motion without first seeking the assistance of a neutral third party. The interpretation of a trial court order is a question of law, which we review <u>de</u> <u>novo</u>. <u>In the Matter of Salesky & Salesky</u>, 157 N.H. 698, 702 (2008). Paragraph H requires the parties to seek third party assistance if they have a disagreement about "parenting issues." We agree with the trial court that the mother was not required to seek third party assistance before filing her motion because she was not raising "parenting issues," but rather issues concerning the father's manner of conduct toward her. Accordingly, we conclude that the court did not err in denying the father's motion to dismiss or to stay its ruling.

The father next argues that because the restraining order did not define the term "harassment," the court erred in enforcing an order that was too vague, thereby violating his right to due process. First, the record fails to show

that the father raised this vagueness issue at the hearing on the mother's motion for a restraining order and proposed decree, or in a motion for reconsideration of the order.  Assuming, without deciding, that this issue is preserved, due process objections to vagueness "may be overcome in any specific case where reasonable persons would know that their conduct is at risk."  In the Matter of Bloomfield, 166 N.H. 475, 480 (2014) (quotation omitted).  Webster's Third New International Dictionary defines the term "harass" to mean, in relevant part, "to vex, trouble, or annoy continually or chronically . . . BEDEVIL, BADGER."  Webster's Third New International Dictionary 1031 (unabridged ed. 2002).  We conclude that the restraining order, which prohibited the father from committing any act "which can be interpreted as harassment," was sufficiently clear to notify the father that his e-mail could constitute harassment.  This is especially true here, where the father sent previous e-mails to the mother that she found offensive, and where the father knew that the mother would need to read his e-mails on The OurFamilyWizard website to obtain the information she needed to care for the parties' daughter before and after parenting exchanges.

Finally, the father argues that the trial court erred in refusing to consider the doctrine of unclean hands, asserting that he should not have been found in contempt considering the e-mails that the mother sent to him, some of which he described at the hearing.  The trial court's discretion in civil contempt proceedings extends to the fashioning of a remedy that is remedial, coercive, and for the benefit of the complaining party.  See In the Matter of Kosek & Kosek, 151 N.H. 722, 727-28 (2005).  We will not disturb the trial court's contempt order absent an unsustainable exercise of discretion.  In the Matter of Conner & Conner, 156 N.H. 250, 253 (2007) (quotation omitted).  Assuming, without deciding, that the unclean hands doctrine applies in these circumstances, we conclude that the record does not support the father's position.  At the hearing, the court specifically addressed the mother's conduct, stating, "I'm not saying it doesn't go both ways, I think the two of you are horrible to one another."  Nevertheless, the court found that it was the father who "crosse[d] the line."  Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in finding the father to be in contempt.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**