# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0747, <u>In the Matter of Rebecca S. Ling and Richard J. Schaffer</u>, the court on September 22, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1).  We affirm.

The respondent, Richard J. Schaffer (father), appeals the final order of the Circuit Court (<u>Moore</u>, J.) on the parenting petition filed by the petitioner, Rebecca S. Ling (mother), arguing that the trial court erred in:  (1) awarding the mother sole decision-making responsibility for their child; (2) declining to adopt the father's proposed parenting plan; (3) ordering the father not to vacation with the child outside New Hampshire until the summer of 2017; (4) not requiring the mother to share his travel expenses; (5) ordering him to pay child support; and (6) denying his request to introduce additional evidence to support his petition to change the child's name.

The father first argues that the trial court erred in awarding the mother sole decision-making responsibility.  In determining parental rights and responsibilities, the trial court is guided by the best interest of the child.  <u>In the Matter of Mannion & Mannion</u>, 155 N.H. 52, 55 (2007); RSA 461-A:6, I (Supp. 2014).  There is a presumption that joint decision-making responsibility is in the child's best interest, unless there has been a finding of abuse.  <u>Mannion</u>, 155 N.H. at 55; RSA 461-A:5 (Supp. 2014).  "[R]esolution of the best interests of a child depends to a large extent upon the firsthand assessment of the credibility of witnesses, and the findings of the trial court are binding upon this court if supported by the evidence."  <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011).  When reviewing a trial court's decision on parenting rights and responsibilities, our role is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion.  <u>Id</u>.  "We consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made."  <u>Id</u>. (quotation omitted).

The record shows that the parties met on a cruise that left from Florida in 2008.  There is no dispute that the parties were never in a committed relationship with each other.  The mother is a resident of New Hampshire, and the father lives in Florida.  Their child, who is not yet six years old, lives with

the mother. The parties have had a strained relationship ever since the mother informed the father of her pregnancy. After a number of disputes regarding parenting issues, their relationship deteriorated. As a result, the father had little contact with the child for several years. The trial court found that the presumption in favor of joint decision-making responsibility was rebutted in this case based upon the following factors:

> the parties['] near complete recent inability to effectively communicate with one another; the distance of their respective residences; the fact that they did not develop any meaningful personal relationship prior to the child's birth and . . . the substantial lack of contact between [the father] and [the] child.

The father argues that the trial court erred in rejecting the GAL's recommendation of joint decision-making responsibility. At the outset, we note that "[t]he recommendations of a GAL do not, and should not, carry any greater presumptive weight than the other evidence in a case." In the Matter of Heinrich & Curotto, 160 N.H. 650, 657 (2007) (brackets and quotation omitted). The father argues that the court should have given more weight to the GAL's recommendation given its requirement that the mother consult with the father on major decisions and the GAL's report that the mother is unwilling to include the father in major decisions involving the child. Moreover, the father asserts, the mother's testimony that his communications with her have been "aggressive" and "harassing" was not corroborated by other evidence in the record. "It is not our role to calculate how much weight the trial court should afford specific evidence, second guess its decision on matters of witness credibility, or substitute our judgment for that of the trial court on a discretionary ruling." Kurowski, 161 N.H. at 600. "Conflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve." Id. at 585. Because there is evidence in the record to support the trial court's discretionary judgment that awarding the mother sole decision-making responsibility is in the child's best interest, we cannot say that the court's exercise of discretion was unsustainable. See id.

The father next argues that the trial court erred in declining to adopt his proposed parenting plan, which afforded him more time with the child than the plan developed by the court. A parenting plan should support frequent and continuing contact between the child and both parents, unless such contact is detrimental to the child. RSA 461-A:2, I(a) (2014). We review the trial court's parenting plan for an unsustainable exercise of discretion. See Kurowski, 161 N.H. at 585. In this case, the trial court ordered, for the first six months, one overnight visit during the father's three-day visitation period each month. The court also awarded the father two consecutive days of parenting time if he travels to New Hampshire for additional periods. After the first six months, the court ordered two overnight visits during each month's three-day visitation

period. When the child is six years old, the father will have additional parenting time in New Hampshire for one week. The father argues that the trial court's parenting plan affords him less parenting time than he had under the temporary orders, and that it does not provide him with sufficient contact with the child. He also argues that it requires him to incur substantial travel costs for what he perceives to be minimal parenting time.

At the time of the final hearing, the child was not yet five years old. The record supports the trial court's finding that the father has had little contact with the child after the first several months of her life. We conclude that the record provides an objective basis sufficient to sustain the trial court's exercise of discretion in developing its parenting plan. See id.

The father next argues that the trial court erred in prohibiting him from vacationing with the child outside New Hampshire until the summer of 2017, while allowing parenting time to occur in Florida by the summer of 2015. The trial court's parenting plan provides for a gradually less restrictive, age-appropriate, out-of-state visitation schedule. For the first parenting time in Florida, which is to occur at least once before July 2015, when the child is five years old, the mother must accompany her. Thereafter, the weekend parenting time must occur in Florida in alternating months. When the child is six years old, the father will have extended parenting time in New Hampshire for one week. Starting in the summer of 2017, when the child is seven years old, the father will have parenting time each summer for one week, which he may exercise either in Florida or Michigan, where his family owns a lake house. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in determining that it is in the child's best interest not to vacation with the father outside New Hampshire until she is seven years old. See id.

The father next argues that the trial court erred by not requiring the mother to share his travel expenses in exercising his parenting time. The record shows that the trial court reduced the father's child support obligation from the guideline amount of $355 per month to $100 per month, to compensate him for his travel expenses. The father argues, however, that his travel expenses exceed the guideline amount and that his child support should, therefore, be reduced to zero. We will uphold the trial court's decision with respect to child support unless it is unsupported by the evidence or legally erroneous. In the Matter of Hampers & Hampers, 154 N.H. 275, 283 (2006). Based upon our review of the record, we conclude that the trial court's decisions regarding travel expenses and child support are supported by the evidence. See id.

Finally, the father argues that the trial court erred in denying his request to introduce additional evidence in support of his petition to change the child's name. The trial court has broad discretion in managing the proceedings before

3

it.  In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007).  We review a trial court's rulings in this area under our unsustainable exercise of discretion standard.  Id.  The father sought to change the child's surname to his own surname.  On March 4, 2013, the trial court held an evidentiary hearing on this issue during which the father testified regarding his request, and his counsel cross-examined the mother on this issue.  After the hearing, the court denied his request, and the father immediately appealed to this court.  We dismissed his appeal, without prejudice, as an improperly-filed interlocutory appeal.  See In the Matter of Rebecca S. Ling and Richard J. Schaffer, No. 2013-0459 (N.H. September 17, 2013).  Nothing in our dismissal order required the trial court to receive additional evidence on the issue.  See id. Based upon this record, we cannot conclude that the trial court erred in its decision not to allow additional evidence on this issue at the final hearing. See Conner, 156 N.H. at 252.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**