# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0376, In the Matter of Sarah Gormady and Stephen O'Malley, the court on February 11, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm in part, vacate in part, and remand.

The respondent, Stephen O'Malley, appeals the May 4, 2015 order of the Circuit Court (Foley, J.) finding him to be in contempt of its January 29, 2014 child support order and requiring him to pay $6,256.48, plus interest, to the petitioner, Sarah Gormady, as additional child support for bonus income he received in 2012. He argues that the court erred in refusing to consider evidence that he had been making payments on the amount due as a result of a prior income assignment order.

"The contempt power is discretionary and the proper inquiry is not whether we would have found the respondent in contempt, but whether the trial court unsustainably exercised its discretion." In the Matter of Conner & Conner, 156 N.H. 250, 253 (2007) (quotation omitted). Under this standard, the respondent must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. Id. at 252.

The record shows that by order dated June 18, 2012, the court required the respondent to pay the petitioner, as additional child support, 25 percent of any net bonus he received from his employer. On January 9, 2013, after a review hearing, the court ordered the respondent to pay, as additional child support, $5,404.60, or 25 percent of a $21,618.40 bonus he received in 2012. In the same order, the court requested the New Hampshire Division of Child Support Services (DCSS) to add $5,404.60 to his accrued arrearages.

On September 20, 2013, the petitioner moved for a finding of contempt against the respondent for his failure to pay the $5,404.60 in additional child support. By order dated January 29, 2014, the court applied a different bonus calculation method. After a hearing, the court found the amount due to be $6,256.48 and ordered the respondent to pay this amount within six months.

On September 11, 2014, the petitioner moved for a finding of contempt against the respondent for his failure to pay the additional child support ordered on January 29, 2014. The respondent, who was self-represented, filed

a motion to dismiss, asserting that as a result of the court's January 9, 2013 order, DCSS was withdrawing sums from his wages to pay the amount due, and that the remaining balance was $1,800. In support of his motion, the respondent attached an e-mail he received from DCSS on February 6, 2014, regarding an income assignment resulting from the January 9, 2013 order. The court denied the respondent's motion without prejudice.

On May 4, 2015, the court held a hearing on the contempt motion. The respondent's counsel began his presentation by noting that, prior to the January 29, 2014 order requiring the respondent to pay $6,256.48, the court had issued a January 9, 2013 order requiring him to pay 25 percent of $21,618.40. The petitioner's counsel objected, asserting that "this has already been adjudicated in prior hearings." The court sustained the objection. The respondent's counsel argued that he was not barred from demonstrating that "[t]here was an income assignment order in place" prior to the January 29, 2014 order, and that, as a result, the respondent "already paid this money." The petitioner's counsel again objected, and the court again sustained the objection.

Based upon this record, we conclude that the trial court's January 29, 2014 order, in which it re-calculated the amount of additional child support due to be $6,256.48, an order which the respondent did not appeal, was final. See Fam. Div. R. 1.31 (order becomes final after 30 days if no appeal is filed). Accordingly, the court did not err to the extent that it precluded the respondent from challenging his obligation to pay $6,256.48 in total child support for the 2012 bonus. See Conner, 156 N.H. at 253. However, to the extent that the respondent sought to demonstrate that he should not be found in contempt of the January 29, 2014 order because he had, in fact, paid some or all of the $6,256.48 obligation as a result of a prior income assignment order, we conclude that the court erred in precluding him from doing so. See id. Accordingly, we vacate the trial court's order finding the respondent to be in contempt of the January 29, 2014 order, and remand for further proceedings consistent with this order.

Affirmed in part, vacated in part; and remanded.

Dalianis, C.J., and Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**

2