**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0330, <u>Comfort Zone Heating-Cooling-Refrigeration Services v. GRJH, Inc. & a.</u>, the court on May 11, 2017, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, GRJH, Inc., appeals the order of the Circuit Court (<u>Patten</u>, J.) entering a judgment for the plaintiff, Comfort Zone Heating-Cooling-Refrigeration Services, a sole proprietorship of Harold Fall, in a small claims case in the amount of $1,983.30, plus costs and interest.[1] The defendant argues that the trial court erred in: (1) finding that its agents had apparent authority to contract with the plaintiff, when the plaintiff failed to plead such a theory, and when, according to the defendant, the evidence did not support it; (2) finding that it breached a contract; (3) failing to make explicit findings regarding the elements of the contract; and (4) precluding it from introducing evidence to support its defenses.

There is no dispute that the defendant contracted with the plaintiff to install new compressors in the cooling systems at two of its stores, one in Conway and one in Madison. Nor is it disputed that the defendant paid the plaintiff for the two installations. The dispute is over whether, several months after the installations, the defendant entered into separate contracts with the plaintiff to repair the cooling system in each store when it failed. The defendant's corporate officer testified that she did not authorize the store managers to contract with the plaintiff to perform the additional services. The trial court found that the managers had the apparent authority to enter into the contracts with the plaintiff, regardless of whether they had actual authority to do so.

As an initial matter, the defendant argues that the court erred in finding that its managers had apparent authority because the plaintiff did not plead such a theory to support his claim; therefore, the defendant argues, it lacked an adequate opportunity to prepare a defense. It is the burden of the appealing party, here the defendant, to demonstrate that it raised its issues in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). Because the record fails to show that the defendant raised this issue in the trial court, we conclude that it is not preserved for review. <u>See</u> <u>id.</u>

---

[1] On March 17, 2014, the trial court dismissed the claim against defendant Lauren Simons.

The defendant also argues that the evidence does not support a finding that the managers had the apparent authority to contract with the plaintiff for the additional services. "We have defined apparent authority as that authority which exists where the principal so conducts himself as to cause a third party to reasonably believe that the agent is authorized to act." Demetracopoulos v. Strafford Guidance Ctr., 130 N.H. 209, 215 (1987) (quotation omitted). Whether an agent has acted within his apparent authority is a question for the trier of fact. State v. Zeta Chi Fraternity, 142 N.H. 16, 24 (1997). We will affirm the trial court's factual findings unless they are unsupported by the evidence. Kessler v. Gleich, 156 N.H. 488, 491 (2007).

The plaintiff testified that, typically, he conducts his business with store managers, not owners. He further testified that the defendant's store managers previously had asked him to install new compressors, which he did; therefore, when the same managers called him again several months later and asked him to repair the coolers, he assumed that they had the authority to contract with him to make the repairs. The plaintiff testified that he left his invoices for the repairs at the stores, rather than mailing them to the corporate office. This evidences his understanding that the managers had the authority to pay for his services.

The defendant's corporate officer admitted that she had authorized the managers to contract with the plaintiff to install the new compressors, but asserted that she did not authorize them to have him perform the additional services. When the trial court asked the officer how contractors such as the plaintiff are expected to know when the managers have authority to contract, and when they do not, she testified that "the manager tells them." Neither store manager testified at the hearing. The plaintiff testified that the managers "called me to get things running," adding that "someone authorized the work or I wouldn't do it." We conclude that the record supports the trial court's finding that the managers had the apparent authority to contract with the plaintiff for the additional services. See Demetracopoulos, 130 N.H. at 215-16.

The defendant also argues that the trial court erred in finding it liable for breach of contract when, it asserts, there was no contract. A valid, enforceable contract requires offer, acceptance, and a meeting of the minds on all essential terms. Glick v. Chocorua Forestlands Ltd. P'ship, 157 N.H. 240, 252 (2008). Disputed questions of fact as to the existence and terms of a contract are to be determined by the trier of fact. Chisholm v. Ultima Nashua Indus. Corp., 150 N.H. 141, 145 (2003). We will sustain the trial court's findings and rulings unless they are unsupported by the evidence or legally erroneous. Glick, 157 N.H. at 252.

The plaintiff testified that, on different dates, he received telephone calls from the store managers reporting that the cooling systems at each location were not working properly. "They needed their coolers up and running," he

2

testified, and "[t]hey called me to get things running." The manager of the Madison store called him on a Sunday, and he performed the work the same day. At the Conway store, the plaintiff found that certain components surrounding the compressor, not the compressor itself, had failed, which caused the compressor to shut down. The plaintiff testified that "I did what I needed to do to fix that and, of course, then I charged her for that." At the Madison store, the plaintiff found that a heater on the compressor — not the compressor itself — had failed. The plaintiff installed a new heater and charged the defendant for parts and labor.

The plaintiff left his invoices at the stores. One of the invoices was signed by a manager or other store employee who, by her signature, affirmed both her "authority to order the work outlined above," and that the work "has been satisfactorily completed." Based upon this record, we conclude that the trial court's finding — that the defendant's Conway and Madison store managers each contracted with the plaintiff to repair the cooling system in the manager's store — is supported by the evidence. Glick, 157 N.H. at 252.

The defendant next argues that the trial court failed to make explicit findings regarding the existence of the elements of the contract. In the absence of a party's request, the trial court generally is not obligated to make express findings. Caouette v. Town of New Ipswich, 125 N.H. 547, 558 (1984). We assume the trial court made all findings necessary to support its decision, even if it did not do so expressly. Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004). We conclude that the record supports the trial court's express and implied findings that the defendant contracted with the plaintiff to perform the additional services. See Glick, 157 N.H. at 252.

Finally, the defendant argues that the court precluded it from "completing her line of questioning" to support its defense that the plaintiff's additional work was improper, or that his installation of the compressors was faulty. The record shows that the defendant's counsel was cross-examining the plaintiff about refrigerants when the court stated, "I'm not sure I understand the point of all this, although it's very interesting." The record does not show that the court precluded the defendant's counsel from completing her questioning or from introducing evidence to support its defenses. Accordingly, we find no error. See In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007) (trial court has broad discretion in managing proceedings before it).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3