# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0501, <u>In the Matter of Carolina Dahlqvist and Alberto Jose Marca Cham</u>, the court on August 14, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The respondent, Alberto Jose Marca Cham (husband), appeals the final decree of the Circuit Court (Tenney, J.), following a three-day hearing, granting the petition for divorce filed by the petitioner, Carolina Dahlqvist (wife). The husband argues that the trial court erred in: (1) denying his request for "suit money"; (2) failing to rule upon his request for a fault-based divorce; and (3) dividing the marital property.

The record shows that the parties are originally from Peru and met in law school in Peru many years ago. Carolina became a U.S. citizen, married, had two daughters, and divorced her first husband. She is a high school Spanish teacher. In 2011, she located Alberto on Facebook, and on December 11, 2011, he arrived in the U.S. for a visit. They married less than one month later and regretted their decision almost immediately. They did not have intimate relations; Alberto frequently returned to Peru; and when Carolina obtained a temporary restraining order against him, they separated, after eighteen months of marriage. Several months later, Alberto returned to Peru permanently.

The husband first argues that the trial court erred in denying his request for "suit money." We review the trial court's decision under our unsustainable exercise of discretion standard. See In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007). Under this standard, we review the record to determine whether it provides an objective basis sufficient to sustain the trial court's discretionary judgment. State v. Lambert, 147 N.H. 295, 296 (2001). The record shows that the husband filed his motion for suit money on or about June 29, 2013. The wife objected, and on March 27, 2014, the court held a hearing on the motion. The husband, who had some legal training in Peru, and who had returned to Peru in September 2013, testified by telephone that he was employed by attorneys in Lima, Peru. He did not testify that he was unable to pay for an attorney to represent him in this case. The trial court denied the husband's motion, after finding that he failed to show financial hardship or need. The husband renewed his request for fees at the final hearing, and the court, in its decree, again denied the request. Regardless of

whether the wife had an ability to pay for the husband's attorney, the record supports the trial court's conclusion that he failed to show financial hardship or need. Accordingly, we cannot conclude that the trial court erred in denying his motion for suit money. See In the Matter of Conner, 156 N.H. at 252; State v. Lambert, 147 N.H. at 296.

The husband next argues that the trial court erred by failing to rule upon his request for a fault-based divorce. The record shows that, in his answer and counterclaim, the husband sought a divorce based upon treatment that endangered his reason, see RSA 458:7, V (2004), alleging, among other things, that the wife falsely accused him of having an affair, which allegedly caused him to lose his employment, and that she falsely accused him of domestic violence. In its decree, the trial court denied the wife's request for a fault-based divorce and granted the divorce based upon irreconcilable differences. The trial court did not address the husband's claim for a fault-based divorce in its decree, other than to note that he had failed to establish that the wife caused his loss of employment. The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. Fam. Div. R. 1.26(F); see N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). The record fails to show that the husband notified the trial court that it did not address his request for a fault-based divorce in its decree. Accordingly, we conclude that this issue is not preserved for review. See Fam. Div. R. 1.26(F); Butland, 147 N.H. at 679.

Finally, the husband argues that the trial court erred in its division of the marital property. We afford trial courts broad discretion in determining matters of property distribution in fashioning a final divorce decree. In the Matter of Hampers & Hampers, 154 N.H. 275, 285 (2006). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. Id. If the court's findings can reasonably be made on the evidence presented, they will stand. Id.

The record shows that in 2008, approximately four years before marrying the husband, the wife established a trust with settlement proceeds she received in 2007 from an earlier automobile accident. The marital estate consisted mainly of assets in the trust. In addition to $25,000 in suit money, the husband sought $75,000 from the marital estate. He asserted that such an award would be equitable in light of the sacrifices he made for the marriage, including his lost earning potential. The trial court found, however, that "[t]here was barely even a marriage relationship in this case." The court found that the husband "did not contribute much of anything to the household bills and expenses," and that "any co-mingling of assets was minimal and insignificant." The court found that the husband "contributed nothing really to the marital estate." Given this "very short-term marriage" and "these

2

somewhat unusual facts," the court concluded that it would be fair and equitable not to award the husband assets from the marital estate. Based upon this record, we cannot conclude that the trial court's decision constituted an unsustainable exercise of its discretion. See In the Matter of Hampers, 154 N.H. at 285.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
