**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0231, <u>State of New Hampshire v. Tina Cehic</u>, the court on September 18, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Tina Cehic, appeals her convictions, following a jury trial, of accomplice to reckless conduct with a deadly weapon.  See RSA 626:8 (2016); RSA 631:3 (2016).  She argues that the Superior Court (<u>Smukler</u>, J.) erred by:  (1) giving the jury a confession instruction; (2) unfairly criticizing her counsel, thereby allegedly prejudicing the jury against her and impairing her right to testify; and (3) finding the evidence sufficient to support the convictions.

The defendant first argues that the trial court erred by giving the jury a confession instruction.  "Whether a particular jury instruction is necessary, and the scope and wording of jury instructions, are within the sound discretion of the trial court, and we review the trial court's decisions on these matters for an unsustainable exercise of discretion." <u>State v. Sanborn</u>, 168 N.H. 400, 420 (2015) (quotation omitted).  "To show that the trial court's decision is not sustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of [her] case." <u>Id</u>. (quotation omitted).

The record shows that defense counsel asked the court, during a conference after the State rested, if they would be discussing jury instructions, noting that "[t]here's a few here that I believe . . . need to be given."  After the defendant rested, the court noted that defense counsel had "raised two points already," including the issue of whether to give a confession instruction. Defense counsel asserted that "there are points during [the defendant's videotaped police interview] where it may be concluded from what [the defendant] said that she knew what was happening and drove, which . . . would be a confession or at least would be the equivalent of a confession."  The court observed that, in its view, the defendant "never confessed," and suggested to defense counsel that "there may be more harm to your client if they hear the judge say there was a confession."  The court advised counsel that it was "not making a ruling now," but that it was "raising the issue" for defense counsel "to think about and discuss with [his] client over the weekend."

The defendant argues that, "after discussion with her counsel and upon consideration of the evidence admitted and the judge's observations, [she] decided not to request the [confession] instruction." The defendant does not assert, however, that her counsel informed the court of her decision before the court instructed the jury. Instead, she argues that the court should have understood that she no longer wanted the instruction because her counsel did not specifically request it during a conference with the court before the instructions were given.

The record shows that the trial court reasonably believed that the defendant wanted the confession instruction to be given, and we find no error in the court's decision to give it prior to being informed otherwise. See Sanborn, 168 N.H. at 420. Once defense counsel informed the court that the defendant did not want the instruction to be given, the court instructed the jury to disregard it. To the extent that the defendant argues that the court's curative instruction was erroneous or misleading, she has failed to show that she raised this issue with the trial court; thus, it is not preserved. See Berliner v. Clukay, 150 N.H. 80, 82-83 (2003) (party must provide trial court with opportunity to correct alleged error in jury instruction to preserve issue for appellate review).

The defendant next argues that the trial court erred by "castigating" her counsel, "within earshot of [her] and, most likely, the jurors," for exceeding the estimated three-day length of trial given at the pretrial conference. She claims that, after overhearing the court's remarks at the bench, she "felt unable to testify in her own defense," and that the trial court "chilled [her] right to testify and likely prejudiced the jury against her and her counsel." The record does not support the defendant's claims.

The record shows that the State's final witness finished testifying shortly after 10:30 a.m., on the third day of trial. The State requested that the videotape of the defendant's police interview be admitted into evidence and given to the jurors to view during their deliberations. Defense counsel objected, and requested that the interview be played during the trial. The trial court, noting that the interview was two hours and fifteen minutes long, observed that "if we don't finish today," then "there are going to be consequences." Specifically, the court noted that, "I don't have monitors for next week. I'm not scheduled to be here next week."

Defense counsel objected that the three-day trial estimate was only an estimate, and that "it was based on what the State said" at the pretrial conference. Defense counsel stated that he was "feeling threatened" by the court's reference to "consequences." After specifically advising defense counsel that it was "not cutting [him] off," and that the defense was "entitled to play the video," the court allowed the video to be played during the trial.

2

During a break, defense counsel advised the court that the defendant had overheard the court's statement during the bench conference regarding "consequences," and that "she wondered whether the consequences would be against the State or against her." Noting the proximity of the jurors to the bench, defense counsel also suggested that the jurors "most likely heard part of what was going on at the bench," and asked the court to voir dire the jurors to determine what they had overheard. The court denied the request, noting that there was no basis to believe that the jurors heard "anything more than the murmur that they usually hear at a bench conference." The court also advised the parties that it had been in communication with the clerk, who was able to obtain monitor coverage for the following week, and that the court would be available for trial the following week.

Defense counsel advised the court that the defendant was not going to testify based, in part, upon the court's comments about "consequences." The trial court advised defense counsel that the defendant "has an absolute right" to testify, and, after hearing defense motions, noted that "we're not going to finish today under any circumstances." Defense counsel, after conferring with the defendant, confirmed that the defendant would not be testifying.

The trial court has broad discretion in managing the proceedings before it. In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007). We review a trial court's rulings in this area under an unsustainable exercise of discretion standard. Id. To establish that the court erred under this standard, the defendant must demonstrate that the court's rulings were clearly untenable or unreasonable to the prejudice of her case. Id. In this case, even if the jury and the defendant overheard everything that was said during the bench conferences, the court's comments about the three-day trial estimate were not directed solely at defense counsel. The trial court repeatedly stated that in "talking about the estimate that you made," it was referring to "the plural you," meaning counsel for both parties. The court's comments regarding "consequences" referred to the fact that the judge was not scheduled to be in the courthouse the following week, and that there were no monitors available for trial. The court stated that "never under any circumstances" would it hold counsel's mistaken estimate "against that counsel's client." Therefore, we conclude that the record does not support the defendant's arguments that the trial court "castigated" her counsel, prejudiced the jury, or infringed upon her right to testify. See id.

The defendant next argues that the evidence was insufficient to prove that she acted with the intent required to prove accomplice liability. To prevail upon her challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. State v. Collyns, 166 N.H. 514, 517 (2014). To prove accomplice liability, the State must prove that the accomplice: "(a) intended to promote or facilitate another's unlawful or dangerous conduct;

3

and (b) acted with the culpable mental state specified in the underlying statute with respect to the result." State v. Rivera, 162 N.H. 182, 187 (2011) (quotations and emphasis omitted).

The defendant argues that the principal's conduct was reckless and unexpected, not intentional or purposeful, and it would be "absurd to claim that [she] acted with any settled purpose in aid or support of [the principal's] unexpected reckless actions." However, we have held that liability can flow from an accomplice's conduct provided that the result of the principal's conduct was a reasonably foreseeable consequence of the accomplice's conduct. Rivera, 162 N.H. at 187. For example, in Rivera, we held that the defendant was liable as an accomplice to reckless second-degree murder because the result was a reasonably foreseeable consequence of the defendant's actions in planning an armed burglary and driving the armed principal to the victim's home. Id. In this case, the principal testified that he was a passenger in the defendant's vehicle. When he looked in the rear-view mirror and spotted the individuals with whom he had argued earlier in the evening, and in whose presence he had brandished and cocked his firearm, the defendant made a U-turn, so as to pass close to their vehicle. Under these circumstances, we conclude that the evidence was sufficient to show that the principal's reckless discharge of a firearm from the defendant's vehicle was a reasonably foreseeable consequence of her conduct. See id.

In her reply brief, the defendant argues that the trial court's instructions on accomplice liability were "confusing" and "facially contradictory." We decline to consider issues raised for the first time on appeal in a reply brief. See Panas v. Harakis & K-Mart Corp., 129 N.H. 591, 617-18 (1987).

Finally, the defendant argues that, because "other appellants similarly situated are afforded oral argument," denying her oral argument in this case violates her rights to "due process, production of all proofs favorable, effective assistance of counsel and equal protection, as guaranteed [her] by Part I, Article 15 of the New Hampshire Constitution, as well as the 5th, 6th and 14th Amendments to the United States Constitution." Because the defendant provides no developed argument or legal authority in support of her position, we decline to address this issue. See State v. Durgin, 165 N.H. 725, 731 (2013) ("off-hand invocations" of constitutional rights supported by neither argument nor authority warrant no extended consideration).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**