**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0628, <u>In the Matter of Eva Stilkey and Alexander Marsters</u>, the court on September 28, 2017, issued the following order:**

Having considered the parents' briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Eva Stilkey (mother), appeals the order of the Circuit Court (<u>Foley</u>, J.) awarding the respondent, Alexander Marsters (father), equal residential responsibility for their son and joint decision-making responsibility for major decisions, with the father having final decision-making authority in educational and medical matters. The mother argues that the trial court erred in its factual findings and applied the wrong legal standard. She also argues that the court required her to meet a higher burden of proof and gave her insufficient time to cross-examine the guardian ad litem (GAL).

When reviewing a trial court's decision on parenting rights and responsibilities, our role is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion. <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011). "We consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made." <u>Id</u>. (quotations omitted).

The mother first argues that the trial court's conclusions regarding the child's best interest are contrary to the record. Specifically, she notes that the court granted a number of her requested findings of fact and argues that, in light of such findings, the court erred in concluding that the child's best interest will be served by awarding the father final decision-making authority in educational and medical matters. In particular, she points out that the court granted her requested findings that: (1) in October 2014, the father removed the child from daycare without informing the mother; (2) on October 24, 2014, the father contacted the child's pediatrician to inform him that the mother was disparaging him; (3) the father's use of the Our Family Wizard website to communicate with the mother was inconsistent; and (4) the father has frequently disagreed with the mother's suggestions regarding the child's health care, counseling, and education.

These findings do not mean that the father should not have final decision-making authority in educational and medical matters. Rather, they illustrate the high level of discord between the parents. The mother had been awarded final decision-making authority on a temporary basis, and things did not go well. It led to numerous disputes and frequent court involvement, to the detriment of the child. The child's health care providers threatened to discontinue their services as a result of the parents' conflict. The trial court found that it is in the child's best interest to award the father final decision-making authority in medical and educational matters at this time, and the record supports this finding. See In the Matter of Kurowski, 161 N.H. at 585.

The mother also argues that the trial court erred in denying certain requested findings of fact that, she asserts, are supported by the record. We do not find it necessary to address each requested finding separately. Even assuming, without deciding, that the requested findings cited by the mother contain facts that are supported by the record, we conclude that they also contain inferences from those facts which the court was not required to make. For the same reason, we do not find the trial court's rulings on her requested findings of fact to be inconsistent with one another, or with the facts contained in its narrative order. The record contains a sufficient basis to sustain the trial court's decision. See id.

The mother next argues that the trial court applied the wrong legal standard in deciding parenting issues by stating that each parent has "equal value" to the child. In determining parental rights and responsibilities, the court is guided by the best interest of the child. RSA 461-A:6, I (Supp. 2016); In the Matter of Hampers & Hampers, 154 N.H. 275, 281 (2006). The trial court's order cites the correct legal standard and concludes that its parenting plan is in the child's best interest. The court also noted that "[t]he residential schedule needs to demonstrate to [the child], notwithstanding what he may be learning in one parent's home, that both of his parents have value." We find nothing in this statement to suggest that the court applied an incorrect legal standard in deciding parenting issues. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (The interpretation of a trial court order is a question of law, which we review de novo.).

The mother next argues that the trial court erred in the determination of each party's income for purposes of child support. We will uphold the trial court's decision with respect to child support unless it is unsupported by the evidence or erroneous as a matter of law. In the Matter of Hampers, 154 N.H. at 283. The record shows that the trial court relied upon the parties' pay stubs, rather than the income figures they reported on their financial affidavits, to determine income for purposes of child support. The mother has failed to show that the trial court's decision to calculate income in this manner was unsupported by the evidence or legally erroneous. See id.

The mother next argues that the trial court required her to meet a higher burden of proof than was required of the father. Her argument essentially challenges the weight given by the trial court to the evidence. Conflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve. In the Matter of Kurowski, 161 N.H. at 585. We will not disturb the trial court's findings if they are supported by the evidence. Id. In particular, the mother argues that the court erred in crediting the father's testimony that she committed acts of domestic violence against him, when there was no reference to such acts in his response to the GAL's questionnaire. She also argues that the court gave insufficient weight to the father's acts of domestic violence against her. "[I]t is not our role to calculate how much weight a trial court should accord specific evidence." In the Matter of Choy & Choy, 154 N.H. 707, 714 (2007). The court found that the parties' relationship was "tumultuous," to the child's detriment. It also found the father's previously-adjudicated domestic violence against the mother to have been harmful to the child, though not to a degree requiring supervised visitation or participation in a batterer's intervention program. In addition, the court found the father's claims of abuse by the mother to be credible, and this was supported by the GAL's report and witness testimony. We conclude that the record establishes an objective basis sufficient to sustain these findings. See id. at 713.

The mother next argues that the trial court gave her insufficient time to cross-examine the GAL at the final hearing, given the GAL's decision not to interview the mother's older child. She also asserts that the court erred in the weight it gave to the GAL's recommendations. The trial court has broad discretion in managing the proceedings before it. In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007). We review a trial court's rulings in this area under an unsustainable exercise of discretion standard. Id. First, the record does not support the mother's contention that the court gave the GAL's recommendations any greater weight than the other evidence. Although the court relied upon the GAL's report and testimony, it also relied upon the parties' testimony, the testimony of other witnesses, and documentary evidence. The record also shows that the trial court gave each party equal time to examine the GAL, and that the mother did not object to this procedure at the hearing. The GAL explained at the hearing that she decided against interviewing the mother's older son regarding the father's alleged domestic violence because the boy was only twelve years old, and he was in a very close relationship with the father. We conclude that the record provides an objective basis for the trial court's reliance upon the GAL's report and testimony, and for its decision to allocate equal time for each party to examine the GAL at the hearing. See id.

We have considered the mother's remaining arguments, and have concluded that they do not warrant further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**
