# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2017-0417, <u>Rohan, LLC v. Kim Carmichael</u>, the court on November 1, 2018, issued the following order:

Having considered the briefs of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Kim Carmichael, appeals an order of the Circuit Court (<u>Lyons</u>, J.) granting a writ of possession to the plaintiff, Rohan, LLC. <u>See</u> RSA 540:13 (2007). On appeal, the defendant argues that the trial court erred by granting the writ of possession following the plaintiff-landlord's noncompliance with a payment arrangement issued in December of 2016. Specifically, the defendant argues that the trial court erred when it failed to grant the defendant's motion to be heard on issues relating to payment, and that New Hampshire's minimum housing standards statute, RSA 48-A:14 (Supp. 2017), does not afford equal protection to tenants. We affirm.

The following facts are derived from the record submitted on appeal. On December 12, 2016, the trial court approved an agreement of the parties to stay issuance of a writ of possession (Agreement to Stay). The agreement acknowledged that the court had awarded judgment to the plaintiff in an action brought pursuant to RSA chapter 540. In accordance with the Agreement to Stay, the parties agreed that the writ would not be issued if the defendant made payments pursuant to an agreement for payment of past due rent (Payment Agreement). In the supplemental Payment Agreement, the parties agreed that the plaintiff would make a series of repairs to the defendant's residence, and the defendant would make payments as required by the Agreement to Stay. The supplemental Payment Agreement also stated, "If [the] repairs are not completed, [defendant] may request a further hearing."

On April 25, 2017, the court held a hearing on the defendant's motion "to be heard re: repairs." At the hearing, which the plaintiff did not attend, the defendant testified that the plaintiff had not completed all repairs as required by the Payment Agreement, and requested that the court order financial sanctions against the plaintiff. The defendant also stated that she had stopped making payments pursuant to the payment agreement because of the uncompleted repairs. At the conclusion of the hearing, the judge explained to the defendant that he would need to look at the applicable statute before determining the appropriate next steps.

Subsequently, on May 3, 2017, the plaintiff filed an Affidavit of Non-Compliance, which stated that the plaintiff had completed all required work in

the defendant's apartment, and that the defendant failed to make her payments as required by the Agreement to Stay. On May 10, the defendant filed an "objection to writ" requesting a hearing and stating that the repairs were not complete.

It appears that the court held an evidentiary hearing on June 2, after which it issued an order stating, "The evidence presented indicate[s] that the landlord has completed the requested work[,]" and that the tenant had stopped paying rent because she believed more work was needed. The order also stated that the case would be continued, and "[u]pon presentation of the inspection results that the property meets the code[,] a writ of possession shall issue unless the parties agree otherwise." Furthermore, the order provided that "[s]hould the property be found not to pass the inspection[,] either party may request an additional hearing and no writ of possession will issue."

Afterwards, a Certificate of Compliance was issued on June 14, 2017, attesting that the defendant's property was found to be in compliance with the applicable provisions of the Manchester Housing Code. Upon receiving the Certificate of Compliance, the court issued a final order on June 16 granting the plaintiff possession of the property. In the order, the court also stated that all pending motions were denied, and that no further hearing would be necessary. Thereafter, on June 23, the trial court denied the defendant's request to be heard and objection to writ. Several days later, on June 26, the trial court also denied the defendant's ex parte motion for discretionary stay. This appeal followed.

We first address the trial court's denial of the defendant's motions. The trial court has broad discretion in managing the proceedings before it. In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007). We review a trial court's rulings in this area under an unsustainable exercise of discretion standard. Id. To establish that the court erred under this standard, the defendant must demonstrate that the court's rulings were clearly untenable or unreasonable to the prejudice of her case. Id.

In this case, the trial court denied the defendant's motions on her request to be heard and request for discretionary stay. The trial court had previously approved an Agreement to Stay the writ of possession while the plaintiff made repairs to the defendant's apartment, so long as the defendant made the required payments, pursuant to the separate Payment Agreement. The defendant subsequently stopped making payments due to the plaintiff's alleged noncompliance with the Payment Agreement. Thereafter, an evidentiary hearing was held after which the court found that the plaintiff had completed the requested work and that the defendant had stopped paying rent. Because the defendant has not provided us with a transcript of that hearing, we must assume that the evidence supported the trial court's finding. See Bourdelais v. Boisselle, 2017 WL 3141034, *2 (N.H. 2017).

2

Ultimately, upon receipt of certification that the apartment met the housing code standards, the trial court issued a final order granting possession of the property to the plaintiff pursuant to the Agreement to Stay writ of possession. Accordingly, we cannot conclude that the trial court's decision not to consider the defendant's post-order motions was untenable or unreasonable.

To the extent the defendant asserts violations of her equal protection rights under the State Constitution, the arguments are not sufficiently developed to warrant further review. See State v. Blackmer, 149 N.H. 47, 49 (2003).

<u>Affirmed</u>.

LYNN, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Eileen Fox,
Clerk**

3