# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0191, <u>Alan Armstrong & a. v. Maria Giakoumakis & a.</u>, the court on October 10, 2019, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Maria Giakoumakis and Paul Foden, appeal the order of the Superior Court (<u>Messer</u>, J.) finding them to be in contempt of the court's November 7, 2017 order permanently enjoining them from docking a boat over the extended property line between their property and the property of the plaintiffs, Alan Armstrong and George Armstrong.

The court's November 7 order barred the defendants "from docking a boat in any location that would result in any portion of the boat resting over the extended property line with the [plaintiffs]." The defendants appealed that order, and we affirmed. <u>See</u> <u>Alan Armstrong & a. v. Maria Giakoumakis & a.</u>, No. 2018-0014, 2018 WL 5839185 (N.H. Oct. 26, 2018).

The plaintiffs moved for contempt, asserting that the defendants had violated the court's November 7 order on numerous occasions. At the contempt hearing, the plaintiffs presented testimony and photographs showing that, on several occasions after the court issued its November 7 order, the defendants' boat was positioned alongside their dock over the plaintiffs' extended property line. The defendants did not dispute that the photographs depicted their boat positioned on the plaintiffs' side of the dock. They argued, however, that by anchoring their boat to the bottom of the lake with ropes and cinder blocks, rather than "tying up at the dock," they were not "docking a boat" over the extended property line in violation of the court's order. Following the contempt hearing, the court ruled that the defendants' position "violated both the express language and the spirit of the Court's order." The court found the defendants to be in contempt of the November 7 order and ordered them to pay a $200 fine to the plaintiffs.

On appeal, the defendants argue that the trial court misconstrued the November 7 order, and again argue that by anchoring their boat next to the dock, rather than tying it to the dock, they were not "docking" their boat in violation of the court's order.

"The contempt power is discretionary and the proper inquiry is not whether we would have found the respondent in contempt, but whether the trial court unsustainably exercised its discretion." In the Matter of Conner & Conner, 156 N.H. 250, 253 (2007) (quotation omitted). To establish that the trial court erred under this standard, the defendants must show that the court's ruling was clearly untenable or unreasonable to the prejudice of their case. Id. at 252. The trial court's discretion in civil contempt proceedings extends to the fashioning of a remedy that is remedial, coercive, and for the benefit of the complaining party. See In the Matter of Kosek & Kosek, 151 N.H. 722, 727-28 (2005).

Webster's Third New International Dictionary defines the verb "dock" to mean "to haul or guide (as a ship) into a dock (as for repairing, cleaning, or loading)," and "to come or go into dock." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 665 (unabridged ed. 2002). Thus, docking a boat, by definition, does not necessarily require physically tying a boat to a dock. Furthermore, we conclude that the defendants could not have reasonably believed that the November 7 order allowed them to position their boat over the extended property line so as to obstruct the plaintiffs' use of their shorefront to the same extent that tying the boat to the dock at that location would obstruct the plaintiffs' use. Accordingly, we find no error in the court's contempt order. See In the Matter of Conner, 156 N.H. at 252.

The defendants' remaining arguments, which challenge the November 7, 2017 order on its merits, are beyond the scope of this appeal. See Sup. Ct. R. 24; Carleton, LLC v. Balagur, 162 N.H. 501, 506 (2011) (decision becomes final once mandate issues).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2