# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0491, In the Matter of Julie Adamson and Alexander Adamson, the court on October 14, 2022, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). The respondent, Alexander Adamson (husband), appeals, and the petitioner, Julie Adamson (wife), cross-appeals, their final divorce decree entered by the Circuit Court (Forrest, J.). The husband argues that the trial court erred in: (1) reducing the wife's property equalization payment from $50,000 to $25,000 on her motion for reconsideration; and (2) cancelling the hearing on his motion to reconsider and denying the motion. The wife argues that the trial court allegedly "overlooked" more than $85,000 that the husband deposited into his bank account when dividing the marital property and calculating child support. We affirm.

The husband first argues that the trial court erred by reducing the property equalization payment from $50,000 to $25,000 on the wife's motion for reconsideration. We afford trial courts broad discretion in determining matters of property distribution when fashioning a final divorce decree. In the Matter of Silva & Silva, 171 N.H. 1, 9 (2018). We will not overturn the trial court's decision absent an unsustainable exercise of discretion or error of law. Id. If the court's findings can reasonably be made on the evidence presented, they will stand. Id. Under RSA 458:16-a, II (2018), "an equal division of property is presumed equitable unless the trial court decides otherwise after considering one or more of the factors designated in the statute." Id. at 11 (quotation omitted). The trial court need not consider all of the enumerated factors or give them equal weight. Id.

During the parties' nine-year marriage, the husband, who has both a bachelor's and a master's degree, was employed as a safety engineer for more than five years, until March 2017, earning approximately $90,000 per year plus bonuses. Except for a five-day period in September 2019, he was unemployed for more than four years, from March 2017 to April 2021. During this period of unemployment, he liquidated a retirement account valued at approximately $116,000.

RSA 458:16-a, II(f) provides that the court may consider in its equitable division of marital property "[t]he actions of either party during the marriage which contributed to the . . . diminution in value of property owned by either or

both of the parties." Here, the court found that the husband's "inability to become gainfully employed over a period of four years . . . contributed to some diminution in value of marital property." The court awarded the marital homestead and other assets to the wife, resulting in an unequal property division in her favor. In its final decree, the court determined that equalizing the property division would require the wife to pay the husband $58,741.00. However, the court reduced the equalization payment by $8,741.00, to $50,000, to account for the husband "having depleted his retirement account."

In its July 14, 2021 order on the wife's motion for reconsideration, the trial court further reduced the equalization payment from $50,000 to $25,000 "in reconsideration of [the husband's] long period of unemployment and the resulting liquidation of his retirement account." In its September 17, 2021 order denying the husband's motion for reconsideration of this reduction, the court further explained that the liquidation of the husband's retirement account "was to the detriment of the marital estate" and that it found the reduction from $50,000 to $25,000 to be "fair and equitable and consistent with all of the relevant factors set forth in RSA 458:16-a."

"We will uphold a trial court's decision on a motion for reconsideration absent an unsustainable exercise of discretion." Walker v. Walker, 158 N.H. 602, 607 (2009) (quotation omitted). "To show that the trial court's decision is not sustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." Id. (quotation omitted). "Our inquiry is whether the record establishes an objective basis sufficient to sustain the discretionary judgment made." Id. (quotation omitted).

On appeal, the husband argues that the trial court, in its final decree, had already determined the proper adjustment for his period of unemployment and the liquidation of his retirement account when it reduced the equalization payment by $8,741 in the final decree. He notes that the court gave no other reason for its decision. We conclude that the record supports the trial court's determination that a further reduction of the equalization payment to $25,000 equitably accounts for the financial consequences of respondent's unemployment and the resulting diminution of the marital estate, see RSA 458:16-a, II(f), and that the trial court's findings on reconsideration are sufficient to support its decision, see 458:16-a, IV (2018). Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion by granting the wife's motion for reconsideration and reducing her equalization payment to $25,000. See Walker v. Walker, 158 N.H. at 607.

The husband next argues that the trial court erred by cancelling the hearing on his motion for reconsideration. The trial court has broad discretion in managing the proceedings before it. In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007). The trial court also has the authority to revise its own orders prior to the entry of final judgment. In the Matter of Stapleton &

2

Stapleton, 159 N.H. 694, 696-97 (2010).  We review a trial court's rulings in this area under an unsustainable exercise of discretion standard.  In the Matter of Conner, 156 N.H. at 252.  To establish that the court erred under this standard, the defendant must demonstrate that the court's rulings were clearly untenable or unreasonable to the prejudice of his case.  Id.

The husband moved for reconsideration of the court's order granting the wife's motion for reconsideration.  On August 2, 2021, the court ordered that the "[c]lerk shall schedule [a] 30 minute hearing [on the husband's motion] as soon as the docket permits."  The clerk scheduled the hearing for November 1, 2021, nearly three months later.  On September 27, 2021, the court, sua sponte, reconsidered its decision to hold a hearing and denied the husband's motion for reconsideration.  In denying the motion, the court explained that "[t]he reduction from $50,000.00 to $25,000.00 was based upon a reconsideration of the respondent's long period of unemployment and the resulting liquidation of his retirement account, which was to the detriment of the marital estate."  On appeal, the husband challenges the court's sua sponte decision, stating that if the hearing were held, the arguments raised by his motion "could have been heard by and eventually ruled on by the [c]ourt."  However, he does not explain why a hearing was necessary.  We conclude that the husband has failed to demonstrate that the court's decision was clearly untenable or unreasonable to the prejudice of his case.  See id.

In her cross-appeal, the wife argues that the trial court allegedly "overlooked" more than $85,000 that the husband deposited into his bank account between May 2020 and March 2021.  The fact that the trial court did not expressly address the $85,000 in deposits during the relevant period does not imply that the court did not consider the issue.  In re Jonathan T., 148 N.H. 296, 304 (2002).  We assume the trial court made all findings necessary to support its decision, even if it did not do so expressly.  Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004).  Here, based upon our review of the evidence, and the detailed findings in the trial court's final decree and order on reconsideration, we cannot conclude that the court failed to consider the husband's deposits in equably distributing the marital property.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3