# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0719, In the Matter of Laura Woodbury and Travis Woodbury, the court on December 26, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See Sup. Ct. R. 18(1).  We affirm.

The respondent, Travis Woodbury, appeals the order of the Circuit Court (Forrest, J.) finding him in contempt of the court's child support orders, requiring him to pay $500 to purge the contempt, and ordering him to pay $50 per week to the petitioner, Laura (Woodbury) Mafera, toward his current obligation pending a hearing on his motion to modify.  We construe the respondent's brief to argue that the evidence was insufficient to support the court's order and that the court unsustainably exercised its discretion.

We will affirm the trial court's findings and rulings unless they are unsupported by the evidence or legally erroneous.  In the Matter of Nyhan and Nyhan, 147 N.H. 768, 770 (2002).  We review the trial court's contempt order for an unsustainable exercise of discretion.  In the Matter of Conner & Conner, 156 N.H. 250, 253 (2007).  Under this standard, the respondent must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case.  State v. Lambert, 147 N.H. 295, 296 (2001).

The record shows that, as of the November 16, 2017 show cause hearing, the respondent had not paid any child support since 2010, when the court ordered him to pay $779 bi-weekly for the parties' two children.  As of October 2017, he was $136,359 in arrears.  The court found him to be in contempt and ordered him to pay $500 forthwith or be remanded to the custody of the sheriff's department until he paid $500.  The court further ordered him to pay $50 per week toward his current obligation pending a hearing on his motion to modify.  After the respondent was taken into custody by the sheriff's department, a friend withdrew $440 from the respondent's checking accounts and paid the remaining $60 for the respondent's release from the friend's funds.  The respondent argues that the evidence was insufficient to prove that he had the ability to pay the amounts ordered and that the court erred by failing to identify the source of funds available to pay the $500.

At the show cause hearing, the respondent testified that he is self-employed in the construction industry.  He submitted a financial affidavit

showing self-employment income of $1,079.12 per month and expenses of $969.13 per month.  He testified that he had $400 in the bank.  The record shows that in August 2017, three months prior to the hearing, the respondent purchased a truck for $2,000 in cash.

We conclude that the record supports the court's finding that he had the ability to pay $500 to purge the contempt finding and $50 per week toward his current support obligation.  In the Matter of Nyhan, 147 N.H. at 770.  We also conclude that the court did not err in finding it relevant that the respondent was self-employed, that he had recently purchased a truck for cash, and that his mortgage company had recently modified his mortgage.  We reject the respondent's argument that the court was required to specify the funds or assets available to him to pay the $500 to purge the contempt finding.  We conclude that the court sustainably exercised its discretion.  See In the Matter of Conner, 156 N.H. at 253; Lambert, 147 N.H. at 296.

The petitioner's request for attorney's fees on appeal pursuant to Sup. Ct. R. 23 is denied.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**