# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0564, <u>In the Matter of Anthony Grillo and Malinda Nicolosi</u>, the court on July 8, 2020, issued the following order:**

The petitioner's motion to strike the respondent's reply brief is denied. The respondent's motion to amend her reply brief is granted. The respondent's "motion for supplemental to my brief," in which she seeks to present new evidence from a recent hearing, is denied. On appeal, we consider only evidence and documents presented to the trial court for the decision on appeal. <u>Flaherty v. Dixey</u>, 158 N.H. 385, 387 (2009); <u>see</u> <u>Sup. Ct. R.</u> 13. The petitioner's motion to dismiss the appeal is denied. Having considered the briefs, memorandum of law, and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Malinda Nicolosi (mother), appeals final orders of the Circuit Court (<u>Cross</u>, R., approved by <u>Steckowych</u>, J.), on a parenting petition filed by the petitioner, Anthony Grillo (father). Following a two-day hearing, the trial court ordered a shared parenting schedule and joint decision-making responsibility for the parties' child, except for medical and dental decisions. The court found it to be in the child's best interest to award the father sole decision-making responsibility for medical and dental decisions involving the child. The court ordered the father to pay $125 per week in child support.

The mother argues that the trial court erred in: (1) denying, in part, her motion to compel discovery; (2) denying her motion to continue the final hearing; (3) denying her motion to appoint a guardian ad litem; and (4) awarding the father sole decision-making responsibility for medical and dental decisions involving the child. The trial court has broad discretion in managing the proceedings before it. <u>In the Matter of Conner & Conner</u>, 156 N.H. 250, 252 (2007). We review a trial court's rulings in this area under an unsustainable exercise of discretion standard. <u>Id</u>. We review the trial court's decisions regarding a child's best interest under the same standard. <u>In the Matter of Heinrich & Curotto</u>, 160 N.H. 650, 655 (2010). To establish that the trial court erred under this standard, the mother must demonstrate that the court's rulings were clearly untenable or unreasonable to the prejudice of her case. <u>In the Matter of Conner</u>, 156 N.H. at 252.

It is the burden of the appealing party, here the mother, to provide this court with a record sufficient to decide her issues on appeal, as well as to

demonstrate that she raised her issues in the trial court.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see also Town of Nottingham v. Newman, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).  The mother failed to provide this court with a transcript of the final hearing.  We conclude that the mother cannot meet her burden to demonstrate that the trial court unsustainably exercised its discretion in managing the proceeding, and in awarding decision-making responsibility for the parties' child, without a transcript of the hearing.  See Bean, 151 N.H. at 250.

The mother's remaining arguments are inadequately developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), not preserved, see Bean, 151 N.H. at 250-51 (2004), and warrant no further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**