**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0042, <u>In the Matter of Alan Perewitz and Suzanne Perewitz</u>, the court on June 17, 2024, issued the following order:**

The petitioner's motion to strike the respondent's untimely reply brief is granted.  The petitioner's request for attorney's fees is denied.  The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The respondent, Suzanne Perewitz, appeals the final decree of the Circuit Court (<u>Countway</u>, J.), in her divorce from the petitioner, Alan Perewitz.  She raises thirteen issues on appeal.  We affirm.

At the outset, we note that the respondent makes numerous factual assertions in her brief without providing any citations to the record to support her allegations or to show that she raised her issues in the trial court.  <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004) (noting that parties may not have judicial review of matters not raised in the trial court); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 16(3)(b) ("After each statement of a question presented, counsel shall make specific reference to the volume and page of the transcript where the issue was raised and where an objection was made, or to the pleading which raised the issue.").  Moreover, the respondent does not provide developed legal arguments, with authorities, to support her claims of error.  <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003) ("[I]n the realm of appellate review, a mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review.") (quotation omitted); <u>see</u> <u>also</u> <u>Keenan v. Fearon</u>, 130 N.H. 494, 499 (1988) (observing that "off-hand invocations" of constitutional rights supported by neither argument nor authority warrant no extended consideration).

Notwithstanding these briefing deficiencies, we note that the respondent raises several issues regarding the trial court's management of the proceedings.  The trial court has broad discretion in managing the proceedings before it.  <u>In the Matter of Conner & Conner</u>, 156 N.H. 250, 252 (2007).  We review a trial court's rulings in this area under an unsustainable exercise of discretion standard. <u>Id</u>.  To establish that the court erred under this standard, the respondent must demonstrate that the court's rulings were clearly untenable or unreasonable to the prejudice of her case.  <u>Id</u>.  The record shows that the trial court denied the respondent's motion to continue the final hearing.  In its final order, the court noted that the respondent did not provide a signed financial affidavit until the date of the final hearing, and that the petitioner

sought a decree pro confesso and a default against her for failing to comply with Rule 1.25-A disclosures and for failing to provide discovery responses. The trial court declined to resolve the matter based on a default; however, the court barred the respondent from submitting exhibits that were not exchanged or provided to the petitioner in discovery. We conclude that the respondent has failed to demonstrate that these rulings, or any other court rulings complained of, were clearly untenable or unreasonable to the prejudice of her case.

The respondent also argues that the trial court erred in its rulings regarding the division of the marital estate, including marital debts. The trial court awarded the petitioner the real estate in New Hampshire, which it valued at $222,757, and which is encumbered by a mortgage of $40,968.77. The court awarded the respondent the real estate in South Carolina, which it valued at $225,625. The court awarded the petitioner personal property valued at $22,300. The court awarded the respondent personal property valued at $51,900. To equalize these disparities, the court awarded the petitioner all of his worker's compensation award. The court divided the parties' marital debts.

The respondent's arguments regarding the alleged inequities in the property division are based primarily upon challenges to the trial court's factual findings. On appeal, we do not reweigh the evidence to determine whether we would have found differently. In the Matter of Conant & Faller, 167 N.H. 577, 582 (2015). The trial court noted in its order that it found the petitioner's testimony to be credible, and the respondent's testimony not to be credible, regarding numerous issues in dispute. Conflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011). Moreover, we afford trial courts broad discretion in dividing the marital estate in a final divorce decree. In the Matter of Hampers & Hampers, 154 N.H. 275, 285 (2006). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. Id. Based upon this record, we cannot conclude that the court unsustainably exercised its discretion in its rulings regarding the division of the marital estate. See In the Matter of Costa & Costa, 156 N.H. 323, 327 (2007).

Finally, the respondent argues that the trial court erred in denying her request for alimony. The trial court is afforded broad discretion in awarding alimony. In the Matter of Nassar & Nassar, 156 N.H. 769, 772 (2008). We will not overturn its decision unless it is lacking in evidentiary support or legally erroneous. Id. The trial court found that the respondent failed to demonstrate that she lacks sufficient income, property, or both to provide for her own reasonable needs without an award of alimony, and that the petitioner established that he will be unable to meet both his own reasonable needs and provide alimony payments to the wife. See RSA 458:19-a, I (Supp. 2023). These findings are supported by the record. Moreover, the court found that the

petitioner testified credibly that he has no ability to pay alimony.  Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in denying the respondent's request for alimony.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**